JOHN STOUGH, PLAINTIFF IN ERROR, V. JOSEPH STEFANI,
DEFENDANT IN ERROR.

1.  **Conversion.**  A delivered railroad ties on the bank of the Mis-
souri river for B, but before B accepted and took possession of
them they were taken by C.    *Held,* That A could maintain an
action for the conversion of the ties.

2.  ————.  The wrongful taking of property and appropriating the
same to the party's own use .constitutes conversion.

3.  **Error.**  An error in favor of the plaintiff in error is not cause
for reversing a judgment.

4.  **Instructions.**  Unless instructions asked are applicable to the
testimony it is not error for the court to refuse the same.

ERROR to the district court for Dixon county.  Tried
below before CRAWFORD J.

*W. E. Gantt,* for plaintiff in error, cited: 2 Greenleaf
Ev., §§ 636, 640.    *Aultman v. Reams,* 9 Neb., 487.
*Carlisle v. Kinney,* 66 Barb., 363.    *Salt Springs Bank v.
Wheeler,* 48 N. Y., 495.

*J. J. McAllister,* for defendant in error, cited: Benj.
Sales, § 701.    *Kein v. Tupper,* 52 N. Y., 550.    Parson's
Mercantile Law, 42, note 1.

MAXWELL, CH. J.

This action was brought by the defendant in error
against the plaintiff to recover the value of 1,188 railroad
ties, which it is alleged he converted to his own use.
Stough in his answer denies that Stefani was the owner of
the ties in question; denies that he converted said ties to his
own use; and denies that he does or did detain the same as
alleged.    There seems to be no conflict in the testimony as
to the facts that Mr. Stough obtained the ties in question,

and that they belonged to Stefani. These facts are substantially admitted.

The testimony tends to show that in 1876 and 1877, Stefani was a resident of Dakota territory; that in July, 1877, he was indebted to one Roden and agreed to deliver him railroad ties at twenty cents each at the Ponca landing in this state, to pay said debt; that in pursuance of said contract he did pile up the ties in question at the Ponca landing, on the bank of the river. The ties, however, were never accepted nor taken possession of by Roden; that in 1877 Stough was engaged in the business of buying ties, and bought about sixty thousand or seventy thousand during that year; that in the spring of 1877, a Mr. Welty said to Stough that he had a tax title against Stefani for S. B. Stough & Co., and that Stefani wished to pay him in ties at twenty cents each, and that the would take the ties if he could sell them to him Stough testifies that he said he " would take the ties from him, and when the railroad company paid him for them he would pay him (Welty) for them;" that he " presumed hat they (the ties on the bank) were the ties Stefani put there for S. B. Stough & Co., and did not know anything different." That he " saw nothing of Roden or Stefani till along in the fall of 1878, and Stefani came to me and said I should pay Roden for the ties." He also testifies that he stated to Roden that he " thought they were S. B. Stough & Co.'s ties, and that if they were his he held himself ready to restore them. I said I would furnish him other ties nearer his house, which I consider better ties. He said he did not want the ties but wanted pay for them." There is also testimony in the record tending to prove that Mr. Stough stated that he had purchased the ties in question from Stefani. The evidence is quite voluminous, and need not be copied here at length. On the trial of the cause in the court below the jury returned a verdict for the sum of $357.48, upon which judgment was rendered.

The first error relied upon in the brief of the plaintiff in error is, that the plaintiff below has failed to prove that he was the owner and entitled to the possession of the ties, and 2 Greenleaf Ev., § 636, is cited to sustain the position, where it is said, " to entitle the plaintiff to recover two points are essential to be proved: (1) property in the plaintiff and the right of possession at the time of conversion, and (2) a conversion of the thing to his own use." The testimony in this case clearly shows that Stefani was the owner of the ties at the time he placed them on the bank of the river at Ponca landing, and that Roden never accepted or took possession of them, or claims any ownership in them.    That Stough soon afterwards—about July 15th, 1877, took the ties away is not disputed, but it is claimed that he took them under a mistake.   If this is true, still the offer to return *other* ties is not a defense. If Stough converted the ties to his own use he did so when, without authority, he carried the same away from Ponca landing; and the testimony clearly shows that Stefani was the owner of them at that time.  The first objection, therefore, is untenable.

2.   It is claimed that the facts proved do not show a conversion, and a large number of authorities are cited to show what facts do constitute it.   Without entering into a discussion of the various definitions of the word " conversion," all the cases seem to agree that the wrongful taking and appropriation of the property of another by a party constitutes conversion.   The testimony upon that point, if believed by the jury, was sufficient to warrant a verdict.

3.   That the assessment of damages is too great, interest being assessed at 7 per cent from the date of the conversion.   This error, if such it is, is in favor of Stough. The act of the legislature changing the rate of interest from 10 per cent to 7, where there was no contract for a higher rate, took effect on the 1st day of June, 1879.

Prior to that time interest was recoverable in such cases at the rate of 10 per cent. Mr. Stough, therefore, has no cause of complaint that he was not charged a higher rate of interest than 7 per cent prior to June 1st, 1879.

4th. The attorneys for Mr. Stough asked the court to give the following instructions:

"2. The jury are instructed that if it is shown by the testimony in this case that defendant took the ties, thinking said ties were his, and immediately on discovering his mistake offered to return them to plaintiff and plaintiff refused to accept, your verdict will be for the defendant.

"7. The court instructs the jury that if they believe from the testimony in this case that the defendant took the ties, thinking that they had been shipped to S. B. Stough & Co., and upon his finding out his mistake he offered to return said ties to plaintiff at any place he might designate, and did not afterward exercise any act of ownership over said ties, then they will find for the defendant.

"8. The jury are instructed that if defendant took the ties, the subject of this action, under the belief that said ties belonged to him, and upon being notified that said ties were not shipped to him, and did not belong to him, he offered to return said ties to the plaintiff or to any persons for plaintiff, at any place plaintiff might designate, then plaintiff cannot recover for said ties without proof of a demand by plaintiff, and a refusal by defendant to return said ties."

The court refused to give the same, and such refusal is now assigned for error. It is sufficient to say that they were not applicable to the testimony and were properly refused. There is no error apparent in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.