### GEORGE B. DARR v. JOHN DONOVAN.

FILED MARCH 23, 1905.   No. 13,753.

1. **Agister's Liability.** An agreement by an agister to take good care of a herd of cattle entrusted to his charge is equivalent to a contract to take such care of them as an ordinarily skillful and prudent man would take of his own animals under like circumstances.

2. **Instruction.** A party cannot complain of an instruction that is more favorable to him than he deserves, although it is technically erroneous under the issues.

3. **Evidence.** When the contract of an agister is for the care and feeding of a particular herd of cattle, evidence descriptive of that herd is admissible without special reference to the subject in the pleading.

ERROR to the district court for Dawson county: CHARLES L. GUTTERSON, JUDGE. *Affirmed.*

*E. A. Cook,* for plaintiff in error.

*N. P. McDonald* and *Warrington & Stewart, contra.*

AMES, C.

In the fall of 1901 the plaintiff below, Donovan, was the owner of a herd of high-grade Hereford cattle and two thoroughbred bulls, all of which were at or near St. Joseph, Missouri. Through an agent named Bigham he entered into a negotiation with the defendant Darr for the care

and keeping of them until the following summer upon the premises of the latter in Dawson county, in this state. In March, 1902, the plaintiff having become dissatisfied with the manner in which the animals had been fed and cared for—some of them having died and a part or all of the others having become much deteriorated in health and condition—removed them from the premises and possession of the defendant. At that time the plaintiff paid to the defendant a sum of money and delivered to him one animal in settlement and satisfaction of the residue of the contract price payable to the latter for the care and keeping of the cattle until that day. Whether the sum so paid was the whole of said residue, computed according to the terms of the contract, the parties do not agree, and does not seem to us material. It is agreed that the payment extinguished the obligation, and the defendant pleads in his answer, and the plaintiff does not dispute, "that at the time of said settlement no claim or suggestion of claim was made against defendant by plaintiff for and on account of said cattle, other than was settled and adjusted in the settlement." Afterwards this action was brought to recover damages for a breach of the contract to properly feed and care for the cattle, which resulted in a verdict and judgment for the plaintiff, and the defendant prosecutes error.

There are a large number of assignments of error, but they may be grouped with reference to their substantial import under a few heads, and will be so treated in the following discussion. As to whether the cattle were properly fed and cared for and, if not, what amount of damages, if any, resulted from the failure were, of course, questions of fact for the jury, about which there is a great deal of conflicting evidence, which this court is not at liberty to review. But the defendant complains that the court erred in permitting the plaintiff to prove, in the absence of specific allegations in the petition to the same effect, that the animals were of a superior breed, for the purpose of indicating the kind of care and feed they re-

quired, and the amount of injury they had suffered. This objection does not appear to us to be well taken. It is undisputed that the contract was made with reference to this particular herd of cattle, which the defendant saw before the former was entered into; and it is not doubted that it is competent to prove by parol what is the especial subject matter of a contract, to enable the court to put such a construction upon it as the parties presumably intended at the time of making it. The defendant undertook to feed and care for a certain herd of cattle, and it was certainly proper to identify and describe that herd.

The defendant complains because the court permitted to be proved, and told the jury that their verdict should be influenced by, the kind of care and feeding which an ordinarily prudent man would have bestowed upon his own cattle under like circumstances; the ground of the objection being that the contract as admitted by the pleadings was for "good" care and feeding, but we think the two expressions mean practically the same thing. The care of ordinarily skillful and prudent men is no doubt "good" and *vice versa*.

The defendant contends that, if there should have been any recovery at all, the damages were excessive, because there was evidence to show that some of the cattle died and some of them were reduced in condition by diseases for which he was not responsible, but there was a conflict in the testimony in this respect and the jury, no doubt, gave it such weight and credibility as they thought it deserved. The court instructed the jury in determining the amount of damages, in case they should find for the plaintiff, to ascertain the difference between the value of the cattle as it would have been if they had been properly cared for and their actual value. But they were further told that there could be no recovery for the death or depreciation of cattle due to disease or other cause than lack of care by the defendant. This is the usual and correct measure in such cases, and leaves the defendant nothing on that ground of which to complain.

The defendant complains of an instruction by which the jury were told, in substance, that the plaintiff could not recover if the damages complained of were included in the settlement and payment made when the cattle were taken by the latter in March, 1902. But besides the above quoted allegation in the answer, the defendant insists in his brief that the subject matter of damages was not discussed at the settlement, and that "the plaintiff's claim for damages by reason of death of cattle and on account of decrease in value was never raised until the beginning of this action, as shown by all the testimony." Inasmuch as it was not pleaded or proved that they were included in the settlement, the instruction was more favorable to the defendant than he deserved and he cannot be heard to complain of it.

The foregoing discussion covers the substance of all the assignments of error made by the defendant, and we do not find that any or all of them justify a reversal. We therefore recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.