GEORGE R. JOHNSON, APPELLEE, V. SOLOMON SAMUELSON ET AL., APPELLANTS.

FILED DECEMBER 9, 1927. No. 24771.

A. M. Morrissey, C. C. Flansburg, H. Halderson and William L. Dowling, for appellants.

William McDonnell, North, Pollock & Wade and Sullivan, Wright & Thummel, contra.

Heard before ROSE, DAY, GOOD and THOMPSON, JJ., RAIT and SHEPHERD, District Judges.

SHEPHERD, District Judge.

The first trial of this case resulted in a verdict of $13,098 in favor of Johnson, plaintiff, and against Samuelson and Olson, defendants; and the second resulted in a verdict for $11,033. The first was set aside by the trial court because of surprise. The second, duly rendered upon retrial, was followed by the judgment from which the defendants Samuelson and Olson appeal to this court.

Following an order of affirmance without opinion, a rehearing was granted upon application duly made and the case was reargued. The case is a damage case in which Johnson sued Samuelson and Olson for alleged false representations by which he was induced to buy their clothing stock and business in Newman Grove.

An erroneous instruction as to the measure of damages was given by the trial court; the true rule being that damages in cases of fraudulent representation are to be measured by the difference between the value and the represented value, and the court incorrectly instructing that the measure was the difference between the price paid and the actual value of the goods.

The error was not, however, prejudicial to the defendants, and therefore cannot be suffered to work a reversal. This was made plain in appellee's original brief, and was so amplified by brief and argument upon rehearing that no doubt whatever as to the proposition remains in the mind of the court. Where the instruction, though erroneous, is not prejudicially so and cannot by any course of logical reasoning be deemed to have resulted in disadvantage to the complaining party, it should not be allowed to work a reversal. *Rocha v. Payne,* 108 Neb. 246; *McCarthy v. Village of Ravenna,* 99 Neb. 674; *Fitzgerald v. Meyer,* 37 Neb. 50; *City of South Omaha v. Fennell,* 4 Neb. (Unof.) 427.

Moreover, the figures submitted by the appellee in his brief on reargument have not been well answered by the appellants, and are sufficient to convince the court that the error of the trial judge was actually in their favor. An instruction in a party's favor can be no basis for reversing a judgment against him. *Chicago, K. & N. R. Co. v. Wiebe,* 25 Neb. 542; *Stough v. Stefani,* 19 Neb. 468; *Butler v. Greene,* 49 Neb. 280; *Darr v. Donovan,* 73 Neb. 424.

Complaint is made because the court permitted testimony on the part of the plaintiff to the effect that he was led into the purchase of defendants' business by a tentative arrangement whereby plaintiff was to become Samuelson's son-in-law. Though the story of this had been

stricken from the pleadings, it was permitted to be detailed upon the stand. It was not error, for as tending to show reliance upon the representations of the defendants it was perfectly competent. Expecting to become his son-in-law, the somewhat green youngster in business would ordinarily rely the more readily and the more completely upon Samuelson's representations. Considered from this point of view, the testimony was permissible, though the order striking the story from the petition was right as not permitting the pleading of evidence.

Appellants contend that Johnson, who seems to have been about the poorest of witnesses, but who was nevertheless his own witness as to value, and the only one produced by him, was at the time incompetent to testify on that head. They insist that he plainly disqualified himself, though the owner of the stock, by saying, in answer to an interjection by the court, that he guessed he did not know, and by his answers in other instances. If these were the only showings of the record, it would have been the duty of the court to direct against him, for undoubtedly the rule that he who owns may testify as to value does not apply when it is shown beyond question that he is actually disqualified. It appears, however, that though Johnson had little or no knowledge at the time he purchased he remained steadily in the store for more than a year, keeping up the stock and incidentally learning what it contained and what the present and past value of the merchandise was. It seems clear to the court from the examination of his testimony that, while he was very ignorant at the time of his purchase, he became qualified as to values in the succeeding two years. There was enough evidence on his part (it is cited in the briefs of the appellees, but is so lengthy that it cannot be here reproduced) to justify the court in permitting the case to go to the jury. This being so, to have set aside the verdict would have been to substitute the court's judgment for the judgment of the jury on a question of fact. When it is determined that plaintiff's said testimony was sufficient to raise the question of fact, the

case is not different from the hundreds of others in which the court has declared that, where the evidence of a party tends to prove his cause of action, the fact that it is scanty, or such as would not under all of the circumstances have been convincing to the court, is no reason for setting aside the verdict of the jury. A verdict upon conflicting evidence will not be set aside by the supreme court, where it appears that the evidence of the prevailing party was sufficient to sustain it.

The trial court was not willing to grant a new trial upon the ground of misconduct of the parties and the attorneys. The attorneys and the parties, as well as the witnesses, were under the eye of the judge who conducted the proceedings in the district court, and upon a full examination of the record this court cannot say that he was in error in refusing to grant a new trial upon the ground mentioned.

The verdict of the jury was upon sufficient evidence and we think that the record is free from reversible error. The judgment of the district court is therefore.

AFFIRMED.