## No. 1012.

### HUEY & WISE vs. POLICE JURY OF JACKSON PARISH.

#### ON MOTION TO DISMISS.

The Clerk's defective Certificate is cured by the agreement of Counsel that, "the Transcript, as made out, is sufficient."

#### ON THE MERITS.

A judgment creditor of a municipal Corporation is not entitled to a Mandamus to compel the assessment and levy of a tax to pay his claim, when a tax, sufficient to that effect, has already been assessed and levied, but has not been fully collected. 31 An., 709.

APPEAL from the Fourth District Court, parish of Jackson. *Bridger, J.*

<hr>

*J. B. Holstead* for Plaintiff and Appellant:

When the petition shows that a judgment was rendered against a parish during the exist-ence of the law for a special judgment tax, and that there is no provision made for its satisfaction, there is a cause of action against the police jury of the parish to cause a special tax levied and collected for that purpose. 31 An. 709, 765; 32 An. 884.

Act No. 56, Extra Session of 1877, does not repeal section 3354 of the Revised Statutes, or der ing the levy of a special judgment tax.

Any plea interposed against a mandamus proceeding is an answer, and the answer in such cases must contain all the defences intended. C. P. 842, 843; L. D. 390-9; 18 An. 195.

When the answer in a mandamus proceeding is insufficient, either from the want of evidence or allegations, the writ should be made absolute.

A tax collector cannot be forced to the collection of an illegal tax, and a parish tax assessed in the absence of a levy by the police jury is an illegal tax. R. S. 2743, 8th §; 30 An. 1103.

A special assessment, including a levy for other purpo ses, is illegal and a radical defect. L. D. 711-6-7, *supra;* and 711-4, *infra.*

An assessment without a description of property is illegal, and cannot be collected. Act No. 34 of Extra Session 1877, section 2.

The acts and doings of a police jury can only be shown by written evidence incorporated into ordinances.

When a written instrument has been lost or destroyed, parol testimony can only be received to prove its contents.

The assessment roll is the best evidence of who are taxpayers and who own taxable property.

*Richardson & McEnery* and *Thomas O. Benton* for Defendant and Appellee:

First—Motion to dismiss should prevail, as certificate does not assert that the transcript contains the evidence adduced on trial, and is otherwise fatally defective.

Second—A mandamus cannot issue to enforce a new assessment to satisfy a judgment, whilst an assessment for this purpose is still in existence and a large portion of that tax uncollected.

Third—To force the levying of a tax above the constitutional limit, in order to satisfy a judgment, it must be *shown* and *proved* that the judgment was based on a *contract.*

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

TODD, J. The motion to dismiss the appeal is on the ground of a defective certificate by the Clerk of the District Court. The defect suggested is apparent on the face of the certificate; but we consider this cured or waived by the agreement of counsel, found in the record, which provides for the bringing up an original book with the transcript, and expressly stipulates that "the transcript, as made out, is sufficient."

The motion to dismiss is, therefore, denied.

## ON THE MERITS.

This is a proceeding by mandamus to compel the police jury of the parish of Jackson to levy a tax to pay the balance of a judgment held by the relators against the parish.

The judgment sought to be enforced was rendered on or about the 7th of May, 1874, for $6054 56, of which $2721 05 was to be paid by the parish of Jackson, and the balance by the parish of Lincoln. A tax of 12½ mills on all the property subject to taxation was levied by the police

jury to pay this judgment soon after its rendition, under which about $1600 was collected and paid on the judgment.

The police jury resist the levy of a new or additional tax, on the ground that the tax already levied was sufficient, if collected, to pay the entire debt, and that, until this previous levy and assessment was exhausted, the relators were not entitled to another one.

The evidence shows that the first assessment to pay this judgment was not enforced against all the taxpayers, who were able to pay the tax, or in other words, was not exhausted.

The issues and facts of this case assimilate it very closely to that of Dupérier against the Police Jury of Iberia Parish, 31 An. 709. In that case, as in this, the judgment creditor sought to compel the parochial authorities to a new levy to pay a judgment for which provision had been made by a previous assessment, which had not been exhausted. In this decision we find the following language: "The plaintiff should have proceeded against the tax collector to compel him to collect the whole of the assessment and levy of the three-mill tax, which had been made for the express purpose of paying her judgment. The law provides ways and means for the collection of taxes, and until these are exhausted, the plaintiff or relator cannot rightly demand other process for the enforcement of her claim, than that already given, and which the police jury have endeavored to effectuate by complying with the mandate of this Court to levy a tax to pay it."

The relators complain that the assessment in question was invalid; but the fact that it was enforced to the extent of paying more than half of their debt, and that its legality was never questioned by the taxpayers, so far as the record discloses, leaves him without cause of complaint on this ground, and until such issue is presented to us by resistance on this ground, or by proper proceedings otherwise, we do not feel authorized to pass on it.

The justice of the relators' debt has been recognized by the proper authority, and provision made for its payment. If they should pursue the remedy pointed out, and the provision made should prove inadequate for the satisfaction of their debts, then they may apply with confidence, under a proper showing, for the relief which we are compelled, under the state of facts shown, now to deny them.

We do not construe the judgment of the lower court as affecting in any manner the validity or existence of the relators' claim or judgment, and of their right to enforce it by the proper proceeding; and so construing it and finding no error therein, it is affirmed with costs.