26   389
e39   628

[No. 3367.   Decided November 29, 1901.]

E. H. GAY, *Appellant*, v. MAYOR AND CITY COUNCIL OF CITY OF NEW WHATCOM, *Respondents*.

APPEAL — DISMISSAL — DELAY IN FILING BRIEFS AND TRANSMITTING RECORD.

An appeal will not be dismissed merely for delay in serving and filing briefs or in the transmission of the record to the supreme court within the time limited by law, when there is no showing of prejudice to respondents by reason of the delay.

MANDAMUS — ADDITIONAL LEVY OF TAXES — PERFORMANCE OF DUTY PRESCRIBED.

Where bonds have been issued by a city under an act which authorized such issuance and prescribed the city's duty to levy each year a tax sufficient to meet the interest on the bonds as it accrued, the city cannot be compelled by writ of mandate to levy a tax sufficient to cover all the delinquent interest installments due on such bonds, when the city has each year levied a tax sufficient in amount to pay such interest installments but has failed to collect all the taxes levied for that purpose.

MUNICIPAL CORPORATIONS — WATER WORKS BONDS — PAYMENT OF INTEREST — TAX LEVY.

Laws 1889-90, p. 521, providing for the issuance of bonds to pay for water works and requiring the levy of a tax each year "sufficient to pay the interest on said bonds as the same accrues," is a special provision providing for the levy of a tax for the purpose only of paying for water works, and is not affected by Laws 1889-90, p. 190, § 128, which provides that "nothing in this chapter contained shall be construed to prevent any city having a bonded indebtedness, contracted under laws heretofore passed, from levying and collecting such taxes for the payment of such indebtedness and the interest thereon as are provided for in such

laws, in addition to taxes herein authorized to be levied and collected," since such section must be read in connection with § 117 of the same act prescribing the purposes for which taxes may be levied, and which makes no provision whatever for taxation for water works purposes.

SAME — IMPLIED DUTY — MANDAMUS.

　　The duty of a municipality to pay its indebtedness, and to discharge obligations incurred by the issuance of bonds, implied from the act under which they are authorized, would not warrant the issuance of a writ of mandate to compel the levy of an additional special tax therefor, where the city had already fully performed its duty as prescribed by statute by making a levy every year, even if such levies proved inadequate by reason of failure to fully collect same.

　　Appeal from Superior Court, Whatcom County.—Hon. HIRAM E. HADLEY, Judge. Affirmed.

　　*Burke, Shepard & McGilvra,* for appellant.

　　*Charles H. Hurlbut* and *E. P. Nicholson,* for respondents.

The opinion of the court was delivered by

　　ANDERS, J.—This was an action for a writ of mandate to compel the mayor and city council of the city of New Whatcom to levy and certify for collection an additional and supplementary tax upon the taxable property within the city for the year 1898 at the rate of $3\frac{1}{4}$ mills on each dollar of the equalized assessed valuation of said property, or such other rate as may be adequate, for the purpose of paying certain arrears of interest upon an issue of "Water Works Bonds" of said city, and to compel the application of such additional levy, when collected, to that purpose.

　　Upon motion and affidavit of plaintiff, the superior court of Whatcom county issued an alternative writ of mandate commanding the defendants to make the levy

prayed for in plaintiff's affidavit, or to show cause before
the court at a time therein specified why they had not
done so.  On the return day of the writ the defendants
appeared by the city attorney, and moved the court to
quash the alternative writ upon the ground that "it ap-
pears upon the face of said writ:  (1) That this court has
no jurisdiction, at this time, of the subject matter of said
writ, and no power to grant the relief prayed for; (2) that
said writ does not state facts sufficient to constitute a
cause of action or ground for this proceeding, or to en-
title plaintiff to relief."  This motion to quash was
argued on the return day of the writ by counsel for the
respective parties, and it appears that during the course
of the argument it was agreed by counsel that the mo-
tion be treated as a demurrer to the affidavit on which the
writ issued, as well as a motion to quash the writ.  On
the argument of the issues of law thus joined it was ad-
mitted in aid of the affidavit, in open court, on the part
of plaintiff, and so recited in the judgment, that "a re-
turn to said writ under oath would show that the city
council of said city had, each year since the issuance of
said bonds described in this action, levied and caused to
be extended upon the tax rolls a tax sufficient in computa-
tion upon the assessed valuation of property within the
city, provided that none of said taxes had remained un-
paid and delinquent, to meet the interest upon said bonds
as the same accrued."  The trial court, after hearing and
considering the arguments of counsel and the admission
of plaintiff above stated, sustained the motion to quash
the alternative writ, and, the plaintiff having elected to
stand upon said writ, the action was dismissed, with costs
to defendants.  From this judgment the plaintiff has ap-
pealed.

The respondents move this court to dismiss the appeal and affirm the judgment of the superior court for the reasons: (1) That appellant's brief has not been served or filed as required by law; (2) that the record has not been transmitted to this court within the time limited by law; (3) that the appeal has not been diligently prosecuted; and (4) that appellant's brief fails to clearly point out any error that appellant relies on for reversal. It is true that appellant's brief was not served or filed within the time prescribed by law, and it is also true that the record on appeal was not transmitted to this court by the clerk of the court below within the time designated by statute: But it does not necessarily follow from these facts that the appeal must be dismissed. At the time this motion was made the brief of appellant had been served and filed, and the record had been transmitted to this court, and it does not appear that the respondents were in any way prejudiced by the delay of which they here complain. Under such circumstances this court has always declined to dismiss an appeal on account of mere delay in serving or filing briefs or in the transmission of the record. The last alleged ground for dismissal—that appellant's brief fails to point out any error relied on for reversal—is also untenable. The motion to dismiss is denied.

There is no controversy in regard to the facts of this case. It is admitted that on or about April 1, 1893, the city of New Whatcom issued, sold, and delivered its "Water Works Bonds," each for the principal sum of $1,000, aggregating $183,000, payable twenty years after date, and bearing interest at the rate of $5\frac{1}{2}$ per cent. per annum, payable semi-annually, each of said bonds being accompanied by semi-annual interest coupons maturing severally on April 1st and October 1st in each year of the debt period; that all the bonds are still outstanding and

unpaid, and that a portion of the interest accrued thereon
since April 1, 1897, down to and including the interest
falling due on October 1, 1898, is still unpaid; that ap-
pellant is the owner of twenty-seven of said bonds, as well
as of the coupons for the matured and unpaid interest
thereon, covering the entire eighteen months ending Octo-
ber 1, 1898; that presentation and demand of payment of
all said coupons was made at the place of payment, and
at or since the dates of their maturity, and all of them
are unpaid and uncanceled; and that no funds have been
or are provided or are on hand at the place where the
bonds or coupons are payable, nor at the city treasurer's
office, for the payment of appellant's said past-due cou-
pons, or of those attached to the other bonds of said issue,
except that there is now in the city treasurer's hands a
sum less than $200 standing to the credit of the Water
Bond Interest fund of said city.  It is also admitted, as
we have seen, that the city council had in fact each and
every year since the issuance of the bonds levied and
caused to be extended upon the tax rolls a tax upon the
assessed valuation of all of the property within the city,
sufficient, if fully paid, to meet the interest upon the bonds
as the same accrued.  The bonds in question were issued
under and by virtue of the provisions of an act of the
legislature approved March 26, 1890, entitled "An act au-
thorizing cities and towns to construct internal improve-
ments and to issue bonds to pay therefor, and declaring an
emergency," and their validity is not questioned in this
proceeding.  Section 4 of this act provides that "there
shall be levied each year a tax upon the taxable property
of such city or town, as the case may be, sufficient to pay
the interest on said bonds as the same accrues, and before
seven years prior to the maturity thereof, an annual sink-

ing fund tax sufficient for the payment of said bonds at maturity, which taxes shall become due and collectible as other taxes." Laws 1889-90, p. 521.

It is claimed on behalf of respondents that, inasmuch as the city council have each year made a tax levy upon the assessed value of all taxable property in the city, sufficient by computation to pay the accruing installments of interest on the bonds under consideration, they have not only performed their full duty under the statute, but have exhausted their power in that regard; and this seems to have been the view entertained by the learned trial court. Indeed, it is frankly conceded by the learned counsel for appellant that the language of § 4 is susceptible of the construction contended for by the respondents and given it by the court below. But at the same time they earnestly insist that the section may also be held to mean that there shall be levied each year a tax which shall be, in point of fact, sufficient to pay the interest on the bonds as the same accrues, and that the latter interpretation is the more rational one in view of the whole context and of the object of such a section in the act, and also of the well known fact that a large percentage of the annual tax levies of cities and towns in this state goes delinquent each year, and that, after its delinquency, is slowly and irregularly paid into the treasury during successive years. If the respondents in fact made a tax *levy* during the year 1898 and previous years sufficient to meet the interest on the bonds as the same accrued, it follows that they have performed the duty enjoined upon them by the statute, and, of course, can not be compelled by mandamus or otherwise to do more. In the absence of legislative authority, the city could levy no tax whatever. The power of taxation is an attribute of sovereignty, and belongs to the state alone; but the legislature may delegate the power to municipal

corporations to be exercised for the maintenance of their local governments. As we have seen, the legislature authorized the city council to issue the bonds in question, and in the same act it prescribed the duties of the council in relation thereto, among which was the duty to *levy* each year a tax sufficient to meet the interest on the bonds as it accrued. This is a special tax for a special purpose, and it appears to us that the city council were not required to make more than one levy in any one year for the payment of these interest coupons, and that the court below was right in holding that, after the council had levied a tax in 1898, sufficient on its face to pay the accruing interest, they could not be compelled to levy another tax during that year for the purpose of paying interest then in arrear.

It is said by counsel for appellant that the limitations on the taxing power of cities of the third class in this state are expressly declared in the statute providing for the organization and government of such cities to have no application to taxes levied for the payment of bonded indebtedness and interest thereon, and § 128, p. 190, of the Laws of 1889-90 (Bal. Code, § 946), is cited in support of this proposition. That section provides that "nothing in this chapter contained shall be construed to prevent any city having a bonded indebtedness, *contracted under laws heretofore passed,* from levying and collecting such taxes for the payment of such indebtedness and the interest thereon as are provided for in such laws, in addition to taxes herein authorized to be levied and collected." This section must be read in connection with § 117 of the same act, which latter section prescribes the purposes for which taxes may be levied; and, when so read, we think it will be apparent that it does not enlarge the power of taxation prescribed by the act under which the bonds in question

were issued. In the act of which said § 128, cited by counsel, is a part, no provision whatever is made for levying a tax for the purpose of paying for water works or for issuing bonds therefor, and it would therefore appear that said section has no bearing upon the case at bar.

It is further contended on behalf of appellant that, even if this court should feel constrained to hold, with the court below, that the obligation imposed by § 4, of the act in question, extends only to the *levying* in each year of a tax in an amount "theoretically" sufficient to meet the ensuing year's interest on the bonds, yet the appellant's action may reasonably be sustained upon the ground that the provision made by § 4 for the payment of bond interest is not exclusive, and that the act as a whole, by fair implication, imposes upon cities the duty of providing, by taxation or otherwise, for the discharge of obligations which they may have incurred under its authority. And several cases are cited from the federal courts in support of the doctrine that implied duties, as well as duties expressly imposed, will be enforced by mandamus. See *City of Galena v. Amy,* 5 Wall. 705; *Butz v. City of Muscatine,* 8 Wall. 575; *United States v. County of Clarke,* 96 U. S. 211, affirmed in *Knox County Court v. United States,* 109 U. S. 229 (3 Sup. Ct. 131); *Louisiana ex rel. Nelson v. Police Jury of St. Martin's Parish,* 111 U. S. 716 (4 Sup. Ct. 648); *East St. Louis v. Amy,* 120 U. S. 600 (7 Sup. Ct. 739); *Scotland County Court v. United States,* 140 U. S. 41 (11 Sup. Ct. 697); *Ex parte Parsons,* 18 Fed. Cas. No. 10,774; *Peterkin v. New Orleans,* 19 Fed. Cas. No. 11,026; *Sibley v. Mobile,* 22 Fed. Cas. No. 12,829.

While it is true that in some of these cases the implied duty of municipal corporations to pay their debts evidenced by bonds was enforced, and the several municipal-

ities or public corporations were compelled by mandamus to levy taxes for the payment of indebtedness, yet an examination of them discloses that in each instance the action was based on a judgment for over-due interest on bonds, or for some other debt due a judgment creditor. In *United States v. County of Clarke, supra,* which is especially relied on by appellant, the relator had recovered a judgment for unpaid interest on bonds issued by the county to a railroad company. The law authorizing the bonds also authorized the levy of a special tax to pay them, but the special levy was found to be inadequate to meet the obligations of the county in full, and, a portion of the interest being in arrears, the claim therefor, as we have said, was reduced to judgment. An execution having been issued upon this judgment and a return made that no property subject to execution could be found, the judgment creditor applied for a mandamus commanding the county court and the justices thereof to direct the clerk of the county to draw a warrant on the county treasurer for the balance of the judgment remaining unpaid, so that he might be enabled, on its presentation, to have it paid in its order out of the county treasury. The defendants resisted the application for the writ on the grounds that the law expressly provided that the levy of a tax by the county court should not exceed one-twentieth of one per cent. each year for the payment of the bonds and the interest thereon; that they had levied that tax; that they had no authority to provide any other fund for the payment of said bonds or interest, or any judgment thereon; that the relator was not entitled to have his judgment paid out of any other fund; that there was no fund in the treasury applicable to the payment of the bonds, and that they were not authorized to order a warrant for the payment of relator's

judgment payable out of any other fund than that derived from the tax of one-twentieth of one per cent. authorized by law. A demurrer to the defense was sustained by the circuit court, and the petition dismissed. The cause was then removed to the supreme court of the United States by writ of error. The latter court reversed the judgment of the court below, and directed the entry of a judgment in favor of the relator on the demurrer to the return of the respondents. The court took the view that, inasmuch as the law authorizing the levy of the special tax contained no provision that *only the fund derived therefrom* should be applied to the payment of the bonds, the statute was not exclusive, and therefore held that the bonds were debts of the county as fully as any other of its obligations, and that for any balance remaining due on account of principal or interest, after applying the proceeds of the special tax, the bondholders were entitled to payment out of the general fund of the county. It will be observed that the relator in that case did not urge the levy of a further special tax. He simply asked the court to compel the clerk to issue and deliver to him a warrant on the county treasurer for the amount of his judgment. The relief prayed for was granted for the reasons above stated.

In *Louisiana ex rel. Nelson v. St. Mark's Parish,* a judgment creditor of the parish was entitled by his contract to be paid out of specific tax levies, which contract the corporation had failed to comply with, and a mandamus was awarded to compel the levy and collection of a sufficient tax to pay his judgment. In *Ex parte Parsons* the court held that where a municipal corporation was under obligation to levy taxes to meet a debt due a particular creditor, such creditor was entitled to a mandamus com-

pelling the corporation to levy a special tax for that purpose, or add the required amount to the general levy. The three cases last above mentioned appear to be as favorable to appellant's contention as any of the cases cited, yet it is apparent that they are not strictly in point here. In fact, they afford no material aid in the solution of the question now under consideration, and no case has been found deciding the exact point in question. If the appellant were attempting to enforce the payment of a judgment for the unpaid interest, instead of the levying of another special tax, then the case of *United States v. Clarke County, supra,* and some other cases cited by appellant, would be in point. Under the circumstances, therefore, the question here presented must necessarily be determined by a consideration of the statute alone. It may be true that it was within the province of the city council, in making the annual levy to meet the interest upon the bonds, to allow a margin for possible delinquency in the payment of taxes, and to fix the rate of taxation accordingly, but we cannot say that it was their absolute duty to do so. And, if they had undertaken to pursue that course, it is manifest that it would have been impossible for them to determine in advance what part, if any, of the levy would not be paid, or even become delinquent; and, if they had adopted that plan, there might still have been a deficiency in the interest fund, resulting from a mere error of judgment, and in that event the appellant would probably have applied to the court for a writ of mandate to compel the respondents to make an additional levy.

We deem it proper, in closing this opinion, to observe that we do not wish to be understood as deciding that the city of New Whatcom is under no obligation to pay the balance due on the interest coupons in question. That is

a matter not necessary to be determined at this time. Our conclusion is simply that upon the undisputed facts disclosed by the record in this case the appellant is not entitled to the particular relief demanded.

The judgment appealed from is affirmed.

REAVIS, C. J., and DUNBAR and FULLERTON, JJ., concur.