(No. 5658. Decided September 1, 1905.)

THE STATE OF WASHINGTON, *on the Relation of American Freehold-Land Mortgage Company of London, Limited, Respondent,* v. PETER MUTTY *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS—BONDS—LEVY OF TAX TO PAY OUTSTANDING WARRANTS—MANDAMUS TO COMPEL INCREASED LEVY—OUTSTANDING TAXES AS ASSETS—PLEADING—SUFFICIENCY. The holder of municipal bonds is not entitled to a writ of mandate compelling the city council to assess and levy a tax to the full amount allowed by law, upon alleging that the tax levy decided upon is insufficient to pay the outstanding warrants and interest, without further showing that the outstanding unpaid taxes previously levied are inadequate or that the remedies for the collection thereof have been exhausted; since unpaid taxes are presumed available as assets, and the full levy is not mandatory when the payment may have been amply provided for.

SAME—DISCRETION OF COUNCIL. It is not incumbent upon the council to levy to the full amount allowed by law until the warrants are fully paid, irrespective of assets provided, since that would lead to taxation burdensome upon those who pay promptly, the remedy of the warrant holders being against the collecting officers.

SAME — PLEADING — DEMURRER — WARRANTS PRIMA FACIE VALID CLAIM. An application for a writ of mandate to compel a levy to provide payment of a municipal debt, shows a *prima facie* valid claim against the city by setting out the warrants, as against a demurrer.

1Reported in 82 Pac. 118.

Appeal from a judgment of the superior court for Jefferson county, Hatch, J., entered March 27, 1905, in favor of the relator, granting a peremptory writ of mandate to compel the levy of a municipal tax, upon overruling a demurrer to the application and a motion to quash the alternative writ. Reversed.

*A. W. Buddress,* for appellants.

*Robert P. Oldham,* for the relator, to the point that as long as there were outstanding warrants unpaid, the city has no discretion and must levy to the full amount allowed by law, cited: *Riggs v. Johnson County;* 6 Wall. 166, 18 L. Ed. 768; *Sibley v. Mobile,* Fed. Cas. No. 12,829; *State ex rel. Munday v. Assessors of Rahway,* 43 N. J. L. 338; *Galena v. Amy,* 5 Wall. 705, 18 L. Ed. 560; *Supervisors v. United States,* 4 Wall. 435, 18 L. Ed. 419.

HADLEY, J.—This is a mandamus proceeding to compel the levy of an additional tax in favor of the indebtedness fund of the city of Port Townsend. The superior court ordered an alternative writ of mandate, directed to the mayor and city councilmen of said city. The application and the alternative writ recite that, during the months of May, September, and November, 1898, certain warrants were issued by said city, drawn upon the indebtedness fund, that the relator is the present owner thereof, and that no part of the principal or interest of any of the warrants has been paid. It is averred that it was the duty of the mayor and councilmen to assess and levy a tax of six mills for said fund, for the year 1904; that relator, in due time, made a demand for such levy, but that the same was disregarded, and a levy of one mill was made; that, for several years prior to 1904, the mayor and councilmen have not levied a tax for said fund to the full amount allowed by law; and that, for the year 1903, the levy was one and fifty-

five hundredths mills. It is further alleged that the assessed valuation of the city for the year 1904 is $930,946, and that the total sum of outstanding and unpaid warrants against said fund is about $125,000; that a tax of one mill is insufficient to pay said outstanding warrants, or even the interest thereon; that an additional levy of five mills will not be sufficient to pay relator's warrants, because of those of earlier date outstanding against the fund.

The mayor and councilmen demurred to the alternative writ, and moved to quash it. The demurrer and motion were overruled, and the respondents to the writ having elected to stand upon their demurrer, and having refused to plead further, judgment was entered that a peremptory writ of mandate shall issue, requiring the levy of an additional tax of five mills for said fund, for the year 1904, and also that a levy of six mills shall be made each year thereafter until relator's warrants shall have been paid in full. The respondents to the writ have appealed from the judgment.

It is assigned that the court erred in overruling the demurrer and motion, for the reason that the writ does not state sufficient facts to entitle the relator, respondent here, to the writ. It is urged that the writ neither shows that the levy which was made is insufficient, nor that the appellants abused their discretion in the matter. The statute of 1897, which provided for the establishment of the indebtedness and current expense funds as separate and distinct funds, authorized the annual levy of a tax for the former fund not exceeding six mills on the dollar. Bal. Code, § 1792. The levy to the full amount of six mills annually is not mandatory, and there must be some discretion lodged with the appellants as to the amount necessary to be levied in any given year. Bal. Code, § 1794, provides that, in making the levy, the council shall take into consideration the amount of the outstanding indebtedness for the payment of which no provision is made by

law by the levy of a special tax, or otherwise than by a general tax.

It is manifest that the council should not only take into consideration the amount of outstanding and unpaid indebtedness, but should also consider it with reference to the means which have already been provided for payment, by way of cash on hand, and of previously levied and uncollected taxes. Such uncollected taxes constitute a part of the assets of the fund, which must be presumed to be available until it is made to appear that the levies therefor have proved to be ineffectual by reason of illegality, or that the full collecting powers provided by law have been exhausted without producing the revenue. Bal. Code, § 1796, requires that all moneys collected on and after the 1st day of February, 1898, from taxes of the year 1896 and previous years, together with penalty and interest thereon, shall be paid into the indebtedness fund. The above, together with the uncollected taxes under the levies for the indebtedness fund for the years since its establishment and cash on hand, make up the assets of the fund.

The alternative writ does not show that the assets, including those provided by the levy of 1904, are insufficient to pay the respondent's warrants. It is neither shown what amount of taxes has been collected, nor what amount remains uncollected. This court has held that it is a matter of such common knowledge in this state that all the taxes upon the assessment roll are never collected until years after the assessment, that the courts will take judicial knowledge thereof. *Mullen v. Sackett,* 14 Wash. 100, 44 Pac. 136. It has also been held that, for the purpose of determining the amount of indebtedness a municipality may incur within constitutional limitations, unpaid and delinquent taxes shall constitute a part of the cash assets, for the reason that the legal certainty of collection is not affected by the fact that the taxes are not paid when due. *State ex rel. Barton v. Hopkins,* 14 Wash. 59, 44 Pac. 134, 550;

*Graham v. Spokane,* 19 Wash. 447, 53 Pac. 714. It has been further held that the statute of limitations does not run against the foreclosure of tax liens, for the reason that, under our law, the tax is a lien which cannot be satisfied or removed until the tax is paid. *Port Townsend v. Eisenbeis,* 28 Wash. 533, 68 Pac. 1045.

The alternative writ shows that previous levies have been made, but not the amount thereof. It must also be presumed, without a showing to the contrary, that appellants had discharged their duty and had made levies from year to year as the indebtedness fund required. We have seen that, under the decisions of this court, the unpaid taxes arising from such levies are not barred by the statute of limitations, and are to be treated as assets. Since the amount thereof is not shown by the writ, it is impossible to say that appellants have not amply provided by levies for the payment of respondent's warrants. In *Gay v. New Whatcom,* 26 Wash. 389, 67 Pac. 88, it was held that, when a municipality has each year made ample levy of taxes to meet the interest upon bonded indebtedness, it cannot be required by mandate to levy an additional special tax therefor, on the ground that the levies made have proved to be inadequate merely because the taxes have not all been collected. Inasmuch as it does not appear here that sufficient levies have not been made to meet the payment of respondent's warrants, we see no difference in principle between the case last cited and the one at bar.

Respondent contends that, without regard to the levies that have been made, it is the duty of the municipality to continue to levy each year to the full limit allowed by law, until the necessary cash to pay the warrants has been realized. We think not. Such a course might lead to unnecessary taxation, and might become particularly burdensome to those property holders who promptly pay their taxes. If the funds sought to be raised by previous levies are sufficient in amount, it cannot be presumed that those levies will be

fruitless of the necessary results until it appears that the collecting department has exhausted its powers and duties in the premises, and has been unable thereby to secure the required·amount of revenue. If sufficient levies have already been made, no duty rests upon the officers who make the levies to make additional ones until it appears that those already made have finally proved to be ineffectual of full results. *Duperier v. Police Jury,* 31 La. Ann. 709. In the above case the court said:

"The plaintiff obtained a judgment against the defendant in 1876. *Duperier v. Pol. Jury Iberia,* 28 Annual, 613. Under that judgment the defendant in that year levied a tax of three mills on each dollar's valuation of property on the roll of 1875 to pay it. A portion of this tax was collected, but not all, and therefore not enough to satisfy the judgment. The object of this mandamus is to compel the levy of another and additional tax on the roll of 1877 to pay this unsatisfied residue. We do not think she is entitled to it at present. This process of making a part of the tax-owers bear all the burdens of the government is not confined to Iberia parish. A tax of three mills was presumably sufficient, if collected, to discharge the debt. A part of those who owe taxes pay them. Others do not, and are not made to pay. A new and additional tax is laid to pay the residue of the debt. A part pay that—the same that paid the first—and the delinquents repeat their delinquency. Not enough is yet collected, and this tax levying goes on *ad infinitum* or until the repeated payments by the taxpayers extinguishes the debt that should have been borne proportionately by all the tax-owers. This is the root of half our woe. The plaintiff should have proceeded against the tax collector to compel him to collect the whole of the assessment and levy of the three-mill tax, which had been made for the express purpose of paying her judgment. The law provides ways and means for the collection of taxes, and until these are exhausted, the plaintiff or relator cannot rightly demand other process for the enforcement of her claim than that already given, and which the police jury have endeavored to effectuate by complying with the mandate of this court to levy a tax to pay it."

A similar state of facts was also considered by the same court in *Huey v. Police Jury*, 33 La. Ann. 1091. After showing that a sufficient tax had been levied to pay the debt, and that the relators should have proceeded against the collecting department, the court added:

"If they should pursue the remedy pointed out, and the provision made should prove inadequate for the satisfaction of their debts, then they may apply with confidence, under a proper showing, for the relief which we are compelled, under the state of facts shown, now to deny them."

The views of the supreme court of Louisiana, thus expressed, seem to us to be both sound and just, and in harmony with the decisions of this court heretofore announced. One dealing with a municipality must know that he may not always receive cash with the same promptness that he may expect it from a bank. The only means for raising cash is through taxation, and when the power of imposing the tax has been fully and promptly exercised, a creditor must await the action of the collection agencies provided by law. If the latter do not move with sufficient promptness, he may seek the aid of the courts as against them, and when their resources have been exhausted without providing sufficient funds to pay his debt, he may then be in position to demand an additional levy. Thus a creditor is not without final remedy. Ultimate payment, in some manner, of a valid debt must be at all times kept in view. Although delay in the collection of taxes may often make payment long deferred, yet any delay having in view final repudiation must not be entertained for a moment, and the law will always afford means to prevent it.

Another ground urged against the writ is that it does not appear that respondent has a valid claim against the city. We think this objection is not well taken. The warrants themselves, copies of which are set out, show at least a *prima facie* valid claim, and no more is necessary as

against demurrer. But, for the reasons discussed, we think the writ is insufficient, and that the demurrer and motion to quash should have been sustained.

The judgment is therefore reversed, and the cause remanded, with instructions to sustain the demurrer and motion, but with leave to respondent to amend its application so as to state additional facts, if it shall so desire.

MOUNT, C. J., FULLERTON, and CROW, JJ., concur.