FIRST NAT. BANK OF CENTRAL CITY v. CITY OF PORT TOWNSEND, WASH.†

(Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

No. 1,882.

1. COURTS (§ 374*)—FEDERAL COURTS—STATE RULE OF PRACTICE.

The Washington rule, that in case of refusal of the treasurer of a municipal corporation to pay a municipal warrant the holder may not maintain an action to recover a judgment on the warrant, but is limited to mandamus to compel the levy of a tax sufficient to pay his claim, is not binding on the federal courts sitting in that state, in which the holder, if entitled to sue therein, may recover a judgment at law as preliminary to the enforcement of its warrants by mandamus.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 981, 982; Dec. Dig. § 374.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

2. MUNICIPAL CORPORATIONS (§ 905*)—FISCAL MANAGEMENT—WARRANTS—ACTION—PLEADING.

A complaint on certain municipal warrants alleged their issuance and the city's refusal to pay the same for lack of funds, and averred that the city had neglected to levy in any year since the warrants were issued more than a small fraction of the tax which it was authorized to levy to supply the indebtedness fund with money to pay the warrants, and had neglected to levy any tax whatever for that fund in 1909. It did not allege, however, what amount of tax had been collected, nor the amount remaining uncollected. Held, that since, under Code, § 1796, all moneys collected on and after February 1, 1908, for taxes for 1896 and prior years, together with the penalty and interest thereon, were required to be paid into the indebtedness fund, the complaint did not show that the city had broken its contract, or that plaintiff was entitled to mandamus to compel a higher levy to pay the warrants.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1891–1893; Dec. Dig. § 905.*]

In Error to the Circuit Court of the United States for the Northern Division of the Western District of Washington.

Action by the First National Bank of Central City against the City of Port Townsend, Wash. From a judgment in favor of defendant, plaintiff brings error. Affirmed.

The plaintiff in error brought an action in the court below to recover judgment against the defendant in error for the aggregate amount of 30 warrants issued by the latter, of date February 18, 1898, together with interest thereon at 6 per cent. per annum from February 19, 1898. The complaint alleges that all the warrants were made payable out of the indebtedness fund of the city, that 16 of them were issued to the Bank of British Columbia in part satisfaction of a judgment of that bank against the city, that 14 were issued to the Manchester Savings Bank in part satisfaction of a judgment of that bank against the city, and each of the 30 warrants is made the subject of a separate cause of action. The form of the warrants is as follows:

"Port Townsend, Wash., Feb. 18, 1898.

"By order of city council, Feb. 17, A. D. 1898, of the city of Port Townsend, Wash., the treasurer of said city will pay Bank of British Columbia or order $500.00 for part satisfaction of judgment of Bank of British Columbia v. City, with int. at 6% per a.    Indebtedness Fund.

"[Seal.]  ·                             August Dudenhausen, City Clerk.

"D. H. Hill, Mayor of the City of Port Townsend."

The complaint alleged that on February 19, 1898, the warrants were duly presented to the treasurer of said city of Port Townsend, and payment demanded, and that payment was refused for the want of funds, and the warrants were so indorsed. The complaint further alleges the assignment of said warrants to the plaintiff in error, and that on May 11, 1910, the warrants were presented to the treasurer of the city at his office, and payment was demanded and refused. The complaint further alleged that other warrants of the same date, numbered consecutively from No. 2 to 159, inclusive, of the face value of $65,983.47, were issued; that at the time when they were issued the city was authorized to levy and collect an annual tax, within the maximum of six mills on the dollar upon the taxable property of the city, for the payment of the same; that the city has failed and neglected to levy in any year since the plaintiff's warrant was issued more than a small fraction of the tax which it was authorized to levy and collect to supply the indebtedness fund of said city with money for the payment of the warrants which were payable out of such fund, and failed and neglected to levy any tax whatever for said fund in the year 1909, and has failed and neglected to pay any of the said warrants.

To the complaint the defendant in error demurred on two grounds: First, for failure to state facts sufficient to constitute a cause of action; and, second, for failure to commence the action within the time required by law. The demurrer was sustained on the ground that the warrants were issued to satisfy judgments against the defendant in error. Thereupon a judgment was entered dismissing the action.

J. A. Bentley, for plaintiff in error.

U. D. Gnagey, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above).    The Supreme Court of Washington has held that an action may not be maintained to recover judgment upon a warrant issued by a municipal corporation of that state evidencing its indebtedness to the holder, and that the remedy of the holder in case of the refusal of the treasurer of the corporation to pay the warrant in its order is to proceed against that officer by mandamus, since all that he could obtain upon a judgment in his favor would be a warrant issued by the town authorities for the payment of his claim, and no execution would lie against the municipal corporation.    Cloud v. Town of Sumas, 9 Wash. 399, 37 Pac. 305.    Said the court:

"If this action can be maintained upon the warrants which have been issued, then a like suit might be maintained upon the warrants issued in satisfaction of this judgment, and so on without limit."

It may be conceded that the decision of a state court construing its own statutes cannot have the force to restrict the powers which are given the federal courts under the Constitution and laws of the United States, and that, whenever citizens of a state may try their controversies by original suits in the courts thereof, they who have the right of recourse to the federal courts may have their controversies adjudicated in such courts, and that no state, by prescribing exclusive methods or remedies, may take away that right or cripple the power of the United States courts to deal with such controversies or to enforce their adjudications. Davis v. Gray, 16 Wall. 203, 21 L. Ed. 447; Ex parte McNiel, 13 Wall. 236, 20 L. Ed. 624; Cowley v. Railroad Co., 159 U. S. 569, 16 Sup. Ct. 127, 40 L. Ed. 263.

In County of Greene v. Daniel, 102 U. S. 187, 195, 26 L. Ed. 99, the court said:

"A suit, therefore, to get judgment on the bonds or coupons, is part of the necessary machinery which the courts of the United States must use in enforcing the claim, and the jurisdiction of those courts is not to be ousted simply because in the courts of the state a remedy may be afforded in another way."

Conceding, also, that if the plaintiff in error here has the right to proceed by mandamus in a court of the state of Washington to compel the levy of a tax to meet the payment of warrants which it holds, it would, upon the facts which entitle it to that relief, have the right to obtain a judgment at law in the court below as preliminary to the enforcement of the payment of its warrants by mandamus, the question arises whether, upon the facts set forth in the complaint herein, a case is shown for such relief. The averments of the complaint are that the defendant in error has failed and neglected to levy in any year since the warrants issued more than a small fraction of the tax which it was authorized by law to levy and collect for the purpose of supplying the indebtedness fund with money for the payment of the warrants, and has failed and neglected to levy any tax whatever for said fund in the year 1909, and has failed and neglected to pay the warrants.

In State ex rel. American, etc., Co. v. Mutty, 39 Wash. 624, 82 Pac. 118, the court had under consideration a mandamus proceeding at the instance of a warrant holder, to compel the levy of an additional tax in favor of the indebtedness fund of the city of Port Townsend. The relator alleged that it was the duty of the mayor and council to assess and levy a tax of six mills for said fund for the year 1904, that the relator had made due demand for such levy, that a levy of one mill was made, that for several years prior to 1904 the mayor and councilmen had not levied a tax to the full amount allowed by law, and that for the year 1903 the levy was 1.55 mills. The court held that no case was made for a mandamus, for the reason that it was neither shown what amount of tax had been collected, nor what amount remained uncollected, and alluded to the fact, which it said was of common knowledge, that all the taxes upon the assessment roll are never collected until years after the assessment, and to the further fact that section

1796 of the Code requires that all moneys collected on and after February 1, 1898, from taxes for the year 1896 and previous years, together with penalty and interest thereon, shall be paid into the indebtedness fund. The court said that it must be presumed, without a showing to the contrary, that the officers had discharged their duty, and had made levies from year to year as the indebtedness fund required; and the court denied that it was the duty of the municipality to continue to levy each year to the full limit allowed by law until the necessary cash to pay the warrants had been realized. Said the court:

"Such a course might lead to unnecessary taxation, and might become particularly burdensome to those property holders who promptly pay their taxes. If the funds sought to be raised by previous levies are sufficient in amount, it cannot be presumed that those levies will be fruitless of the necessary results, until it appears that the collecting department has exhausted its powers and duties in the premises, and has been unable thereby to secure the required amount of revenue"—citing Duperier v. Police Jury, 31 La. Ann. 709, and Huey v. Police Jury, 33 La. Ann. 1091.

Since the facts alleged in the complaint herein are insufficient to show that the plaintiff in error would have a right to the writ of mandamus in a court of the state, they are insufficient to show that the defendant is entitled to a judgment at law in this action. The warrants are due at no particular date. No action could arise upon them until a breach of the contract by the city. Before the plaintiff in error can prevail in such an action, he must set forth facts sufficient to show such breach, and that he is entitled to a remedy under the laws of the state as fixed by the statutes and construed by its courts. In brief, he must set forth facts which show a dereliction of duty on the part of the officers of the municipality to take the necessary steps to provide the fund out of which the warrants are payable. This, as that duty is defined by the highest court of the state of Washington, is not shown by the averments of the complaint in the present case.

The judgment is affirmed.