[No. 26418. *En Banc.* March 11, 1937.]

A. VAN DIEST, *Appellant,* v. YAKIMA COUNTY *et al., Respondents.*[1]

[1]Reported in 65 P. (2d) 1080.

*Elery A. Van Diest,* for appellant.

*Preston, Thorgrimson & Turner* and *Robert J. Willis,* for respondents.

BLAKE, J.—Pursuant to the powers granted by Rem. Rev. Stat., § 3997-6 [P. C. § 1652-6], the county commissioners of Yakima county duly ordered the issuance of emergency current expense fund warrants in the amount of $26,602.53, to supplement the budget for the year 1934. In 1935, they duly ordered the issuance of similar warrants in the amount of $104,082.31, to supplement the budget for that year. Likewise, in 1935, they authorized the issuance of emergency old age pension warrants in the amount of $9,288.50.

The above-mentioned section of the statute authorizes the county commissioners to raise the money to take up such warrants in either of two ways: (1) by a tax levy the next year; or (2) by funding "the same or any part thereof into bonds in the manner provided by law."

Taking the latter alternative, the commissioners authorized the issuance of general obligation bonds of the county in the amount of $145,000. In the resolution authorizing the bond issue, the commissioners pledged the taxing power of the county to liquidation of the principal and interest as it falls due. The pledge was made, however, in contemplation of the ten-mill limitation imposed upon the county by initiative No. 94. In

other words, the county was pledged to allocate to the retirement of the bonds sufficient revenue raised under that limitation. It appears that the assessed valuation of property in Yakima county is $34,065,962; that the bonds are payable over a period of fifteen years; that the maximum of principal and interest due in any one year would be $14,160; that it would require .41 of a mill levy to raise that amount; that it would require on the average .3829 of a mill levy yearly to liquidate the bonds as they fall due.

Plaintiff, a taxpayer, brought this action against the county, the commissioners, the treasurer and auditor, to enjoin the execution and delivery of such bonds. A demurrer to the complaint was sustained, and judgment was entered dismissing the action. Plaintiff appeals.

No question is raised as to the necessity for, or the regularity of, the issuance of the emergency warrants. Nor is there any doubt as to the power of the commissioners to fund them into general obligation bonds. The regularity of the proceedings by which the bonds were authorized is not questioned. The right of the county to issue the bonds is challenged solely on the ground that it has attempted to pledge its power of taxation to redeem the bonds as they fall due.

Before considering the specific point raised on this appeal, it will be well to recall the fundamental rule that a municipality's taxing power is always pledged to the limit to the liquidation of its authorized general obligations. In other words, within constitutional and legislative limitations, a municipality· is bound to pay its debts, and to exercise its taxing power to that end. That is a necessary implication that goes with the incurring of indebtedness. *Supervisors v. United States,* 71 U. S. 435; *Loan Association v. Topeka,* 87 U. S. 655; *United States v. New Orleans,* 98

U. S. 381; *Wolff v. New Orleans,* 103 U. S. 358; *Ralls County Court v. United States,* 105 U. S. 733; *State ex rel. American. Freehold-Land etc. Co. v. Mutty,* 39 Wash. 624, 82 Pac. 118. So the formal pledging of the taxing power, either in the resolution or in the bond itself, adds nothing to the bondholder's legal right to have the taxing power exercised to pay the obligation.

 Appellant contends, however, that the resolution in this respect contravenes the spirit, if not the letter, of initiative No. 94—the second forty-mill limit law.

The only limitation to be found in initiative No. 94 which would in any way affect the point raised here is that " . . . the levy by any county shall not exceed ten mills, including the levy for the county school fund."

Construing the similar provision contained in initiative No. 64—the first forty-mill limit law—we held, in *Love v. King County,* 181 Wash. 462, 44 P. (2d) 175, that the county could not pledge its taxing power "without reservation or restriction" to the payment of bonds. Evidently with that case in mind, the county commissioners, in authorizing the bond issue here involved, pledged the taxing power of the county within the ten-mill limitation imposed by initiative No. 94. In other words, to redeem the bonds, the county merely pledges itself to allocate each year a sufficient amount out of revenues raised on the basis of a ten-mill levy. It does not, as in the *Love* case, attempt to exceed the limitations of its taxing power. In this program, we find nothing that violates initiative No. 94, either in letter or spirit. See *Sainer v. Thurston County,* 181 Wash. 552, 44 P. (2d) 179.

 Appellant argues that the county commissioners have no authority to allocate a particular portion of tax revenues for the purpose of paying principal and

interest on these bonds. This argument is predicated upon the rule that counties have no powers of taxation, except such as are expressly granted to them by the legislature. The argument, however, fails to take into account the distinction between the levy of taxes and the expenditure of tax revenues. Power to allocate tax revenues is implied in the authority to expend them for purposes authorized by the legislature.

■ Again, appellant points out that, if deficits in the budget are met in this manner over a considerable number of years, a substantial portion of tax revenues will be pledged to the retirement of bonds; that, as a result, the county may become seriously handicapped in carrying on its ordinary governmental functions. Such a condition is obviously possible, but that presents a problem which is, in the first instance, administrative, and in the second, legislative. Clearly, it is not a judicial problem.

Judgment affirmed.

STEINERT, C. J., BEALS, MAIN, TOLMAN, HOLCOMB, GERAGHTY, and ROBINSON, JJ., concur.

MILLARD, J. (dissenting)—I do not agree, but no good purpose would be served by a lengthy dissent.