Ruffin, C. .T.
 

 There seems te be so strong a probability, that the verdict is according to the justice of the case, and, indeed, the law also, that the Court has been very reluctant to award a
 
 venire de novo.
 
 But, upon consideration, we believe we are obliged to do so.
 

 Throughout the directions to the jury. His Honor assumed, that there had been no demand by the plaintiff on his father for payment of the money received by the latter, or for a return of the evidences of debt; and, therefore, that the father bore towards the plaintiff the relation of receiver or bailiff up to his death. For that reason he held, that the statute of limitation did not bar the action; and, if the assumption of fact be well founded, we concur in the position of law. For it was the duty of the agent, not only to receive the money for his principal, but also to hold it for him until demanded ; and therefore there could be no action against him until demand. Now, it seems to us, that for precisely the same reasons no presumption of payment could arise ; that is, upon the supposition made, that there had been no demand before 184!, and that the relation of principal and agent continued to the death of the father. For the act of 1826 only follows the phraseology of the acts of limitation, and of the rule of the common law, that the time, on which the presumption is founded, is computed after the right of action accrued_ When, therefore, the jury was told, that a long delay of a principal to call oil his agent raised a presumption of payment, and that ten years would, in this case, be long enough
 
 *666
 
 for that purpose3 in analogy to the time fixed by the statute, Gonce'ive> that His Honor confounded two things, that are entirely distinct in themselves : the presumption raised by the ¡av^ ag a p0SpjTC ruie¡ fr0m the mere lapse of a certain time, and the presumption of actual payment deduced by the jury from lapse of time, as a circumstance, with or without others, from which they conclude, that satisfaction had in fact been made. There is, indeed, no occasion for thé act creating a presumption of payment of a simple contract ; since the ordinary act of limitations bars in a shorter time. Nevertheless, the act of 1826 is in terms sufficient to embrace simple contracts, as well as specialities — being “all judgments, contracts, and agreements and, perhaps, it may have been so drawn for the benefit of those, who would not be willing to plead the statute of limitations, but would rely on the legal presumption against a stale demand. But, although this be within the act in respect of the nature of the contract, yet it is not within it in respect to the state of things, on which the presumption is founded; for the debtor here, it is assumed, had no cause of action until 1841, and, therefore, there could be no presumption against him in analogy to that of the statute.
 
 State Bank
 
 v.
 
 Locke,
 
 4 Dev. 529. With respect to the presumption of actual payment, found by the jury as a fact really existing, the law lays down no rule, and can lay down none, as to any particular period of time, so as to enable the Court to advise the jury that ten years, by itself, was sufficient. For it is but a circumstance addressed to the understandings of the jury, from which, according to its length and from the relation of the parties, their residences, opportunities of intercourse, correspondence, and respective pecuniary necessities, or ease, and numberless other incidents, the jury may presume a demand and payment also, or a release. It does not appear that in the present case any such circumstances were laid before the jury, or that the lapse of time was submitted to the jury, merely as evidence to be weighed by them. If it had been, we should have seen no reason for saying his Honor erred m thus leaving it to them ; as the demand seems to be
 
 *667
 
 brought forward very singularly, after seventeen years delay and just after the father’s death. Indeed, it seems to us, that' a demand might very properly have been found by the jury upon the face of the testator’s receipt itself. There is a credit given on it by the plaintiff nearly three years after its date; and when, according to the plaintiff’s evidence, the father had collected much of the money and ought to have collected all. Under those circumstances the receiving a payment fairly implies an application for a settlement; and if the jury had so inferred, then the demand, requisite to set the statute of limitations in motion, and the presumption ofpayment, would be established. However, as the case was put to the jury upon the mere legal operation of ten years delay, without a de-' mand, and in that we think there was error, the judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam, Judgment reversed and a
 
 venire de novo
 
 awarded.