## CRAWFORD, TRUSTEE, v. NOLAN ET AL.

1. **Attachment**: WRONGFUL SEIZURE OF MORTGAGED GOODS: ACTION FOR DAMAGES: EVIDENCE. In an action by a mortgagee of a stock of goods against a sheriff and the attachment plaintiffs, for the wrongful seizure and conversion of the goods under the attachment, plaintiff was properly allowed to introduce in evidence the attachment bond, and the return of the sheriff on the writ of attachment, including the notice given by plaintiff of his ownership of the goods, and the indemnifying bond. The statements made in the return were admissions binding upon the sheriff and the attachment plaintiffs who indemnified him; and, it appearing by the return that on the very day when the sheriff made the levy he was served by plaintiff with notice of his ownership of the goods,— the notice being attached to the return,—this was competent and sufficient evidence of the service of the notice in proper time.

2. ——: ——: ——: ——. In such case, where the mortgage covered all the goods, it was proper to allow plaintiff to prove by parol that the sheriff removed all the goods from the store by virtue of the writ of attachment,—the purpose of the evidence being to identify the goods taken with the goods described in the mortgage. For this purpose the return on the writ was not the only admissible evidence.

| 72 | 673 |
| 100 | 143 |
| 72 | 673 |
| 108 | 422 |
| 72 | 673 |
| a109 | 479 |
| 72 | 673 |
| d112 | 364 |
| 72 | 673 |
| 113 | 45 |
| 72 | 673 |
| 141 | 693 |
| 142 | 663 |

3. ———: ———: MEASURE OF DAMAGES. In such case the court instructed the jury as follows: "If you find for the plaintiff, the amount which he will be entitled to recover will be the amount of the fair, reasonable market value of the property at the time it was levied upon and taken, together with six per cent per annum interest from the date of the levy up to this time; not, however, exceeding in amount the sum total of the several claims secured by the mortgage, with interest thereon at the rate of six per cent per annum from the date of the mortgage." *Held* correct, where the amount found could not and did not exceed the amount claimed in the petition.

4. **Instructions:** STATING ISSUES. Where the matter in controversy is plainly stated in the pleadings, the court may properly use the same language in stating the issues to the jury.

*Appeal from Palo Alto District Court* —HON. LOT THOMAS, *Judge.*

TUESDAY, OCTOBER 18.

THIS is an action at law by which the plaintiff seeks to recover of the defendant the value of a stock of millinery goods. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendants appeal.

*Harrison & Jenswold,* for appellants.

*Soper, Crawford & Allen,* for appellee.

ROTHROCK, J.— I. The cause has once before been in this court upon appeal by defendants. It was reversed and remanded for a new trial, because we thought that, as matter of law, it was the right of the defendants to have the question as to the good faith with which plaintiff claimed to be the owner of the goods submitted to the jury. Another trial has been had, in which the jury have passed upon that question, and the case is here again upon forty-one assigned errors, which we will proceed to determine so far as they have been argued; and, as the case involves only the plainest questions of law and fact, the reasons given for our conclusions will be very general and very brief.

. The plaintiff was a member of the law firm of Soper, Crawford & Carr. The partnership had certain claims put

into their hands against one Mrs. Baldwin to collect or secure. Mrs. Baldwin was the owner of a millinery establishment; and on the 10th day of July, 1884, she executed a chattel mortgage upon all her stock in trade to Crawford to secure the claims in the hands of the firm of which he was a member. Mrs. Baldwin was also indebted to the defendants, Lederer, Strauss & Co., and on the next day after the mortgage was given they sued out an attachment against Mrs. Baldwin, and the defendant Nolan, who is sheriff, seized all of the stock of goods upon the attachment, and afterwards sold them as the property of Mrs. Baldwin. This action is to recover damages for the alleged wrongful seizure and sale of the goods. It will thus be seen that the real question in controversy was the validity of the chattel mortgage held by the plaintiff. The plaintiff introduced in evidence the attach-

1. ATTACH-MENT: wrong-ful seizure of mortgaged goods: action for damages: evidence. ment bond, and the return of the sheriff on the writ of attachment, including the notice given by the plaintiff of his ownership of the goods, and the indemnifying bond. All of these were objected to by the defendants, and they now contend that the court erred in not sustaining the objections. It is a sufficient answer to the objection to say that this is an action for the wrongful seizure and conversion of property; and, the sheriff being a party defendant, his return is evidence against him, as well as those who indemnify him, the same as the declarations and admissions of any other alleged wrong-doer ; and the return also shows that on the very day that the sheriff made the levy he was served by the plaintiff with a notice of his ownership of the goods, and the notice served was attached to the return of the writ. This was competent evidence of the service of the notice. It was an admission of record that the notice was served in the proper time; and, to avoid repetition, we will here say that any other proof of such service was wholly unnecessary, and objection to the other evidence of proof of notice need not be considered.

II.  The mortgage was upon the whole stock of goods, and the plaintiff introduced evidence to the effect that the sheriff removed all of the goods from the store by virtue of the writ of attachment.  It is claimed that this evidence was incompetent, because the return upon the writ was the best evidence and the only evidence admissible for this purpose.  But the ready answer to this position is that the evidence objected to did not itemize the goods taken.  It was merely an identification of the goods taken with the goods described in the mortgage.  It is always allowable to introduce parol evidence to identify property described in a chattel mortgage.

III.  Other objections are urged to the rulings of the court upon the admission and exclusion of evidence.  We find no error in any of these rulings.  They are so plainly correct that to undertake a discussion of them would be like an attempt to demonstrate self-evident propositions.

IV.  It is claimed that the eighteenth instruction given by the court to the jury is erroneous.  It is as follows:  "If you find for the plaintiff, the amount which he will be entitled to recover will be the amount of the fair, reasonable market value of the property at the time it was levied upon and taken, together with six per cent per annum interest thereon from the date of the levy up to this time; not, however, exceeding in amount the sum total of the several claims secured by the mortgage, with interest thereon at the rate of six per cent per annum from the 10th day of July, 1884."

The amount claimed in the petition is $286.63, "with interest and costs."  Counsel for appellants claim that it was error for the jury to compute interest upon the claims secured by the mortgage, excepting for such interest as accrued after the commencement of the suit.  But the claim made in the petition is for $286.63, and the plaintiff was entitled to recover that amount if the goods were of that value, and if that amount was necessary to pay the debts secured by the mort-

gage. · These debts amounted in the aggregate to about $215. The verdict was for $231, being more than $50 less than the amount claimed in the petition, without computing interest. It is plain that the verdict was not for more than was demanded.

V. Lastly, it is claimed that the court did not state the issues in the case to the jury. The abstract shows that the court copied the petition and part of the answer, and adopted the parts thus copied as part of the instructions. We can discover no valid objection to this. When the pleadings contain a plain statement of the matter in controversy, the court ought not to be required to use other language in stating the issues.

4. INSTRUC-TIONS:stating issues.

We find no error in the record. AFFIRMED.