JOHN FITZGERALD V. AXEL MEYER.

FILED MAY 9, 1893. NO. 5072.

1. **Review: EVIDENCE.** Where the burden of proof is upon the plaintiff to establish the *bona fides* of a chattel mortgage whereunder he claims, a verdict in favor of defendant will not be set aside on the ground that the verdict is not sustained by the evidence, unless the evidence offered by plaintiff is of a clear and convincing character.

2. ———: **INSTRUCTIONS: ISSUE NOT WITHIN PLEADINGS: HARMLESS ERROR.** A judgment will not be disturbed because of an instruction submitting to the jury an issue not within the pleadings, where the only effect of such an instruction must have been in favor of the party complaining.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*Breckenridge, Breckenridge & Crofoot*, for plaintiff in error.

*Connell & Ives, contra.*

IRVINE, C.

This is an action of replevin for a pair of mules, by the plaintiff in error against the defendant in error.  The case has once before been in this court, and is reported in 25 Neb., 77, where a general statement of the case appears. A new trial in the district court resulted in a verdict in favor of the defendant.

One of the assignments of error is the refusal of the court to give certain instructions asked by the plaintiff, but the substance of these instructions was given by the court of its own motion and plaintiff in error in his brief does not urge this assignment.

Under the assignments that the verdict was not sustained by the evidence, that it was contrary to law and contrary to the instructions, plaintiff in error urges the insufficiency of the evidence.   No complaint is made of the general effect of the instructions given, and they certainly state the law as favorably to the plaintiff in error as could be asked.

The plaintiff, in his petition, claims the property under a chattel mortgage.   This mortgage was given in January, 1885, and in May following the mortgagor executed to the plaintiff a bill of sale covering this and other property.  It seems to have been urged by the defendant below that the transfer by the bill of sale abrogated the mortgage by way of merger, and the jury was fully instructed upon the law relating to this issue.   No change of possession followed either transfer, and the burden of proof was upon the plaintiff to establish *bona fides*.   The only evidence offered for this purpose was that of plaintiff's agent, who testified that the mortgagor was indebted to plaintiff at the time the mortgage was made and that the mortgage was given to secure such indebtedness.   The amount of the indebtedness is not disclosed, nor is its source, nor were any of the circumstances attending the execution of the mortgage elicited, or sought to be elicited.   Whether this testimony was

Fitzgerald v. Meyer.

sufficient to overcome the presumption of fraud in a chattel mortgage not accompanied by change of possession was for the jury to determine, and we cannot say that upon such meagre evidence it was bound to determine the question in favor of the plaintiff. Moreover, there was absolutely no evidence of the circumstances attending the execution of the bill of sale, and there is evidence that when the controversy first arose between plaintiff and Furay, who bought the mules from the mortgagor and sold them to defendant, Furay and plaintiff's agent consulted Mr. Connell, and the agent, in support of plaintiff's claim, produced and claimed under the bill of sale, and did not produce or mention the mortgage until after Mr. Connell had advised Furay that the bill of sale was insufficient. This evidence warranted the jury in finding that the mortgage had, by the intention of the parties, merged in the bill of sale. Upon either of these points the jury may have based its verdict and was warranted by the evidence in so doing.

The court instructed the jury, in effect, that if it found that after the bill of sale was made the vendor retained possession of the property, the sale would be presumed to be fraudulent as against subsequent purchasers in good faith, but that this presumption might be rebutted by evidence showing that the sale was made in good faith and without any intent to defraud such purchasers. The giving of this instruction is assigned as error upon the ground that plaintiff was not claiming under the bill of sale but under the mortgage alone. Plaintiff contends that an element not in issue was thus injected in the case. Even if this be so, the error was without prejudice to the plaintiff. Had the court withheld this issue altogether from the jury, the plaintiff's case would have rested entirely upon the mortgage. Under the instruction as given, there was still left an opportunity to find for the plaintiff in case the jury found that the mortgage had merged in the sale. It is only where the giving of an instruction foreign to the issues may

mislead the jury to the prejudice of the unsuccessful party that he may complain.

AFFIRMED.

THE other commissioners concur.