Keesling, Treasurer, *et al. v.* Winfield.

## KEESLING, TREASURER, ET AL. *v.* WINFIELD.

[No. 18,205.   Filed January 26, 1898.]

From the Cass Circuit Court.   *Affirmed.*

*Nelson & Myers,* for Appellants.
*McConnell & Jenkins,* for Appellee.

MCCABE, J.—The appellee sued the appellants, the treasurer, auditor and board of commissioners of Cass County to enjoin a sale of appellee's property for what was claimed as delinquent taxes, and the cancellation of the same on the duplicate.

The issues formed were tried by the court, resulting in a finding and judgment for the plaintiff over the defendant's motion for a new trial. The refusal of a new trial is the only question presented by the assignment of errors, and the only specification in that motion urged upon our consideration is that the evidence does not support

the finding, and that the same is contrary to law. The only contention is that the evidence was not sufficient to warrant and require the trial court to find for the defendant. The evidence, however, which tends to support the finding of the court was amply sufficient, standing alone, to justify and require the finding as made by the court for the plaintiff. The controverted fact was whether the taxes in question had been paid. The husband of the plaintiff testified that he had paid them thirteen or fourteen years previous. There were other circumstances tending to show and authorizing the inference that they had been so paid. The evidence on the other side was the treasurer's books, from which there was no indication of the payment of such taxes. The evidence of payment, however, was amply sufficient to warrant the finding that they had been paid. And without intimating any opinion as to where the preponderance of the evidence was as to that issue, we cannot disturb the finding of the trial court because it is not our province to correct errors of fact purely, and that is what this would be if we should concede that the preponderance of the evidence was against the finding. *Deal* v. *State,* 140 Ind. 354.

We therefore cannot say that the circuit court erred in overruling the motion for a new trial. The judgment is affirmed.