[No. 10486. Department Two. March 8, 1913.]

FRANK H. GRAVES, *Appellant*, v. GEORGE E. STONE, *Sheriff of Spokane County et al.*, *Respondents*.[1]

PAYMENT—PRESUMPTIONS—LAPSE OF TIME. While the presumption of payment arising from lapse of time, in connection with other circumstances, applies to taxes, it is not a bar, but is rebuttable and affects only the burden of proof.

TAXATION—PAYMENT—EVIDENCE—SUFFICIENCY. A finding that personal property taxes had not been paid is sustained, notwithstanding the presumptions arising from the lapse of ten years and the fact that the taxpayer was morally certain that he had paid them ten years before by check, where it appears that he allowed his real property taxes to go delinquent the same year and redeemed them later, and the treasurer's books showed that they had not been paid (FULLERTON, J., dissenting).

[1]Reported in 130 Pac. 369.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered January 4, 1912, dismissing an action for an injunction, after a trial on the merits. Affirmed.[1]

*Graves, Kizer & Graves,* for appellant.

*John L. Wiley* and *O. J. Saville,* for respondents.

Main, J.—This action was brought to restrain the collection of a tax on personal property. The appellant, at the time of the institution of the action, had resided in Spokane for about twenty-seven years. Prior to and during the years 1900, 1901 and 1902, he had a large amount of real and personal property, not encumbered, including household goods, law library, money in bank and bills receivable. Prior to the years mentioned, the appellant and one George Turner were law partners, owning a law library and office fixtures upon which the appellant paid the taxes, including those for the year 1900. On February 28, 1901, the appellant paid some personal property taxes assessed to him on the capital stock of the LeRoi Mining Company for the year 1898; and on February 20, 1900, appellant paid his personal property taxes for the year 1899; but, according to the records in the county treasurer's office, his personal property tax for the year 1900 has never been paid. Appellant permitted the taxes upon his real estate for the year 1900 to become delinquent, and certificates of delinquency were issued against the same and redeemed by the appellant on August 19, 1901. On December 10, 1910, a letter was sent to the appellant by the county treasurer, notifying him of the amount of his personal property tax for the year 1900, and requesting payment of the same. With reference to the personal property tax for the year 1900, the appellant testified as follows:

"I have paid for a personal property tax for the year 1900, as I paid my personal property taxes for every year before and since then. I paid it by check drawn to the order

[1]Rehearing *En Banc* ordered.

of the county treasurer. I cannot remember the day on which I paid it, to whom I paid it, whether I myself delivered the check to the treasurer, or his deputy, whether I mailed it to him, or whether I sent some one from my office to do it. I can't remember the particular circumstances of paying it. I simply remember the fact that I did pay it."

He also testified he had no checks or stubs running back of the year 1905 or 1906, and no receipts for personal property taxes before the year 1902. Subsequent to that time, he had, upon two occasions, moved his offices. The effect of the appellant's evidence is that he is morally certain that the tax in question has been paid. As already stated, according to the books of the county treasurer's office, the personal property tax of the appellant for the year 1900 had not been paid. The cause was tried to the court without a jury, and the court dismissed the action. From the judgment of dismissal, this appeal is prosecuted.

The question to be determined is, Do the facts stated, taken in connection with the lapse of time during which the tax was permitted to lie dormant, raise a presumption of fact that the tax in question had been paid? No statute of limitation is involved here. Indeed, the appellant in his brief concedes as much, for it is therein stated:

"We invoke no limitation statute in bar of the attempt to enforce the payment of the tax, for there is no such statute applicable. What we ask is consideration of a rule of evidence, of a presumption established by the wisdom of the ages, that because of the lapse of so great a period of time as here appears, taken in connection with the other circumstances surrounding it, the tax is deemed to have been paid."

Independent of any statute of limitations, lapse of time, when taken into consideration with other circumstances, may be sufficient to raise a presumption of fact that a debt has been paid, but lapse of time alone is not sufficient. Jones, Evidence (2d ed.), § 65; *Smith v. Tharp*, 17 W. Va. 221. What circumstances are sufficient, when taken in connection with lapse of time, to cause a presumption of payment cannot

be accurately defined, but each case must depend upon the facts there presented. In the Ency. of Evidence, vol. 9, p. 714, this doctrine is stated as follows:

"(a) The presumptions are rebuttable, and may be overthrown by any evidence showing it to be more probable than otherwise that the debt has not been paid, (b) But a shorter period, coupled with other circumstances tending to show payment, may be sufficient to warrant a jury in making an inference of payment. There is no precise rule as to the quality or quantity of other evidence necessary. Each case must depend upon its own circumstances."

This presumption of payment does not operate as a bar, but is simply a rule of evidence affecting the burden of proof. *In re Ash's Estate*, 202 Pa. 422, 51 Atl. 1030, 90 Am. St. 658.

The presumption of payment arising from lapse of time and circumstances applies to tax obligations as well as other debts. 2 Wharton, Law of Evidence, § 1360; 1 Rice, Evidence, p. 70; *Hopkinton v. Springfield*, 12 N. H. 328.

The final question is, Are the facts stated sufficient to justify the court in making a finding of fact that the personal property tax for the year 1900 has been paid? The probative value of these facts would be greater had it not been for the evidence that the real property taxes of the appellant for the same year were also permitted to become delinquent. We think the evidence is not sufficient to enable the court to conclude, as a matter of fact, that the tax in question has been paid.

The judgment will therefore be affirmed.

MOUNT, ELLIS, and MORRIS, JJ., concur.

FULLERTON, J. (dissenting)—I think the evidence preponderates in favor of the view that the taxes were paid. For this reason, I dissent from the conclusion of the majority.