[No. 10486.   *En Banc.*   October 20, 1913.]

FRANK H. GRAVES, *Appellant*, v. GEORGE E. STONE, *Sheriff of Spokane County, et al., Respondents.*[1]

PAYMENT—PRESUMPTION—LAPSE OF TIME. The presumption of payment of a debt from lapse of time is created at the expiration of the shortest statutory period of limitations applicable by analogy.

TAXATION—PAYMENT—EVIDENCE—SUFFICIENCY.   In view of the presumption of payment from lapse of time, and the public duty of the taxing officers, the evidence preponderates in favor of the fact of payment of a personal property tax, where ten years had elapsed without any action taken by the authorities to enforce collection by distraint, or to charge it to real estate owned, or to certify it as uncollectible, as required by law, and the taxpayer testified positively that he had paid the tax, the only evidence to the contrary being that the county treasurer's books failed to show the payment (overruling on rehearing, Id., 72 Wash. 382).

TAXATION—PAYMENT—PRESUMPTIONS.   The presumption of payment of a debt from lapse of time is applicable to tax obligations.

MAIN, ELLIS, and MORRIS, JJ., dissent.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered January 4, 1912, dismissing an action for an injunction, after a trial on the merits. Reversed.

*Graves, Kizer & Graves*, for appellant.

*John L. Wiley* and *O. J. Saville*, for respondents.

ON REHEARING.

PARKER, J.—A decision was rendered in this cause by Department Two, in favor of the respondents, on March 8th last, which is reported in 72 Wash. 382, 130 Pac. 369. A rehearing having been granted and argument heard by the

[1]Reported in 135 Pac. 810.

court *En Banc*, a majority of us have reached the conclusion that the department decision should be overruled and the judgment of the trial court reversed.

This is an action wherein appellant seeks to restrain the collection of personal property taxes charged against him for the year 1900 upon the tax books of Spokane county, his contention being that he has paid the same. The statement of the facts made in the decision rendered by Department Two is as follows:

"The appellant, at the time of the institution of the action, had resided in Spokane for about twenty-seven years. Prior to and during the years 1900, 1901, and 1902, he had a large amount of real and personal property, not encumbered, including household goods, law library, money in bank and bills receivable. Prior to the years mentioned, the appellant and one George Turner were law partners, owning a law library and office fixtures upon which the appellant paid the taxes, including those for the year 1900. On February 28, 1901, the appellant paid some personal property taxes assessed to him on the capital stock of the LeRoi Mining Company for the year 1898; and on February 20, 1900, appellant paid his personal property taxes for the year 1899; but, according to the records in the county treasurer's office, his personal property tax for the year 1900 has never been paid. Appellant permitted the taxes upon his real estate for the year 1900 to become delinquent, and certificates of delinquency were issued against the same and redeemed by the appellant on August 19, 1901. On December 10, 1910, a letter was sent to the appellant by the county treasurer, notifying him of the amount of his personal property tax for the year 1900, and requesting payment of the same. With reference to the personal property tax for the year 1900, the appellant testified as follows:

" 'I have paid for a personal property tax for the year 1900, as I paid my personal property taxes for every year before and since then. I paid it by check drawn to the order of the county treasurer. I cannot remember the day on which I paid it, to whom I paid it, whether I myself delivered the check to the treasurer, or his deputy, whether I mailed it to him or whether I sent someone from my office to do it. I

can't remember the particular circumstance of paying it. I simply remember the fact that I did pay it.'

"He also testified that he had no checks or stubs running back of the year 1905 or 1906, and no receipts for personal property taxes before the year 1902. Subsequent to that time, he had, upon two occasions, moved his offices. The effect of the appellant's evidence is that he is morally certain that the tax in question has been paid."

In addition to these facts, we think the case also calls for the noticing of the following facts which appear in the record. In the year 1900, and at least several years following, the real property owned by appellant in Spokane county was worth approximately $150,000, and his personal property was worth over $7,000. The evidence tending to show the failure of appellant to pay his personal tax for the year 1900 consists only of the fact that the tax records of the county fail to show such payment. There is no affirmative evidence so showing. Appellant testified, in substance, that he never received any notice of his alleged failure to pay his 1900 personal tax until December, 1910, when he was so notified by letter from the county treasurer; and we think there is no competent convincing evidence showing to the contrary. It is plain that no steps were taken by the county authorities looking to the collection of the tax by distraint or other legal process until thereafter.

The ultimate question here presented is, in its last analysis, one of fact, which is to be determined by deductions to be drawn from these detailed facts, which we think may be regarded as established beyond dispute. Do these facts call for a finding of payment in appellant's favor? Respondents rest their claim upon failure of the tax records of the county to show such payment; while appellant rests his claim of payment upon inference arising from lapse of time, his memory of payment as testified to by him, and other circumstances we have noted. He concedes that no statute of limitation bars the county's claim as a matter of law; insisting only that the lapse of time creates a presumption of payment, which, with

the circumstances shown, calls for a finding in his favor upon that question.

The law seems to be quite uniformly recognized by the authorities that lapse of time, after the maturity of a debt with no demand on the part of the creditor against the debtor for payment thereof, is a circumstance tending to show that payment has been made by the debtor. The force of such a circumstance in its tendency to show payment is in proportion to the length of time thus allowed to elapse without demand for payment. The time may be so short as to be of no practical probative force whatever tending to show payment, or it may be of sufficient length to create a presumption of payment and shift the burden of proof from the debtor. Prof. Jones in his work on Evidence (2d ed.), at §§ 66 and 68 observes:

"Said Lord Mansfield: 'There is a great difference between length of time which operates as a bar to a claim and that which is only used by way of evidence.' He gives the statute of limitation as an instance of the former; and as an example of the latter mentions the presumption of the discharge of a debt founded upon lapse of time. The statute may be *pleaded in bar* and is conclusive, though the debt is not paid; but the lapse of time *only raises a presumption* which may be repelled by other circumstances to be considered in arriving at the truth. When twenty years have elapsed since a debt became due, the jury ought to presume that it has been paid. In fact, the lapse of this period of time is sufficient *prima facie* evidence of payment, and it must be accepted by the court and jury unless there is other evidence to explain the delay and rebut the presumption. Thus it will be seen that the length of time is no positive bar, but that it is proper evidence to be left to the jury to aid in deciding on the presumption. This presumption of payment in reference to debts not embraced in the statute of limitations, although just as important, is *not a presumption of law*,—one which the court itself may apply,—but one of fact, which shifts the burden of proof. The presumption *prima facie* obliterates the debt and shifts the burden of proof to the creditor, not to establish a new contract as in a case where a debt is barred by the statute of limitations, but to show that payment of the debt has not been made.

Although the court cannot make such a presumption, a new trial will usually be granted if a jury disregard it. . . .

"A shorter time than twenty years may, in connection with other circumstances, warrant the inference that payment has been made. The law does not and cannot define exactly what these circumstances shall be; the decision of the question must necessarily depend upon the facts of each case. Among the circumstances which may be given in reference to aid lapse of time in affording proof of payment are the character of the plaintiff for strictness in the collection of debts that are due him; the *needy circumstances* of the creditor, and the easy and *solvent condition* of the debtor. When the time has nearly elapsed, very slight circumstances may be received as relevant and left to the jury. Still they must be such circumstances as aid the inference arising from lapse of time; they must tend to show that the time would not have been suffered to elapse had the debt remained unpaid. The probability of payment *strengthens as the time approaches to twenty years,* and the circumstances needed to establish it may be measured by the diminished scale. The further the time stops short of twenty years the more cogent and decisive must be the circumstances relied upon. 'If evidence be offered which in the judgment of the court will, in connection with the lapse of time, reasonably tend to convince the jury that the debt has been paid short of twenty years or that it has not been paid, notwithstanding that period, it is the duty of the court to receive it and to submit it to the jury with such instruction as shall enable them to estimate it at what it is really worth.' "

These are general observations referring to a twenty-year period, having in view a statute of limitation of that period which would be applicable by analogy to the fixing of the period when the inference to be drawn from the fact of non-payment would rise to the dignity of a presumption of fact. Where a shorter statutory period is in like manner applicable by analogy, we conceive the principle equally applicable, and that then such presumption would be created at the expiration of such shorter period. It was so held in *Jackson v. Sackett,* 7 Wend. 94, where Justice Sutherland, speaking for the court, at page 99, said:

"It appears to me that where the form of the action prevents the defendant from availing himself of the statute by way of plea, he should have the benefit of its principle, by being permitted to use the lapse of time (which would be a complete defence under the statute), as evidence of payment.

"The analogy, in point of principle, between specialities and simple contract debts, in this respect, appears to me to be striking. In relation to specialties, a lapse of twenty years unexplained, it has been again and again decided, affords presumptive evidence of payment, and may be used for that purpose to support a plea of payment. And in an action of ejectment upon a mortgage accompanying such specialty, the same lapse of time may be used as evidence of payment, without plea, because the form of the action will not permit the plea to be interposed.

"In relation to simple contracts the legislature have said that they shall be presumed to have been paid after six years, if the defendant will claim the benefit of the statute; where he cannot plead the statute, it would seem to follow, from analogy to the other case, that he ought still to have the benefit of the same lapse of time, by way of evidence of payment. I find no express adjudication upon this point; but it appears to me to result fairly from the well established principles to which I have adverted."

See, also, *Martin v. Bowker*, 19 Vt. 526; *Spruill v. Davenport*, 27 N. C. 663.

Now if this were a debt owing by appellant to a private individual, our statute of limitations would bar its recovery absolutely, as a matter of law, upon the expiration of the limitation period. It is plain that such limitation period in no event would be longer than six years, and possibly less; that being the longest period fixed by law for the commencement of actions to collect debts of any character in this state. Rem. & Bal. Code, §§ 157-165 (P. C. 81 §§ 55, 1385, 63, 67, 69, 65, 71, 73, 75). The doctrine of the authorities above noticed, in the light of our statute of limitations relative to the enforcement of debt obligations, seems to furnish almost conclusive argument in support of appellant's claim of payment rested alone upon the presumption he invokes;

since the longest possible period of the statute here appli-
cable by analogy is only six years, and substantially ten
years elapsed from the accruing of the obligation, during
which time the county authorities have failed to demand pay-
ment, and failed to take steps looking to the enforcement
thereof by distraint or other legal process. In view of the
fact, however, that it is the duty of the county treasurer to
note upon the tax books the fact of payment when made,
Rem. & Bal. Code, § 9221 (P. C. 501 § 179), and there is
an absence of any such notation, we prefer not to rest our
decision alone upon the application of the doctrine of pre-
sumption of payment by lapse of time. Let us look a little
farther and see what additional facts we have here tending
to support the inferences appellant claims arise in his favor
by the lapse of time. What were the duties of the county
treasurer looking to the collection of this 1900 tax from ap-
pellant, and what were the consequences liable to result in
the treasurer's damage for failure to make such collection?
By the provision of Rem. & Bal. Code, § 9223 (P. C. 501
§ 181), it is the duty of the county treasurer, upon the re-
ceipt of the tax rolls upon the first Monday in February fol-
lowing the levy of taxes in each year, to give notice by mail
to persons charged with personal property taxes, and if the
same be not paid within thirty days thereafter, to enforce
the payment thereof by distraint and sale of sufficient of the
taxpayer's goods and chattels to satisfy the same. By
§ 9235 (P. C. 501 § 215), personal property taxes become a
lien upon the real as well as the personal property of the
person owing the same. By § 9245 (P. C. 501 § 235), the
treasurer is authorized to charge the personal taxes of any
person against the real property of such person, and thus
insure its collection. By § 9225 (P. C. 501 § 191), the
county treasurer is personally liable for wilful neglect to
collect personal property taxes, and by § 9224 (P. C. 501
§ 189), it becomes his duty, after exhausting all means at
his command looking to the collection of personal property

taxes, to certify such as are uncollectible to the county commissioners, to the end that they may cancel the same if satisfied they are uncollectible, and thus free the county treasurer from responsibility therefor. It is conceded that the county treasurer did not at any time seek to collect this personal property tax by distraint until practically ten years had expired after it became due; nor did he proceed to charge the same against appellant's real property; nor did he report it to the county commissioners as uncollectible. Taking these facts, together with the fact that appellant owned approximately $150,000 worth of real property against which this tax, amounting to only a few hundred dollars, might have been charged, and the fact that the tax could have been easily collected by distraint within a reasonable time after it became due, we cannot escape the conclusion that appellant has paid the tax as he claims. There is nothing to induce a belief otherwise than the mere fact that the county treasurer's books fail to show that appellant has paid the same. This, of course, is negative and not affirmative evidence.

That the inferences and presumptions here invoked by appellant are applicable to tax obligations as well as those owing to private individuals, seems to be well established by the authorities. 2 Wharton, Law of Evidence, § 1360; 37 Cyc. 1167; *Hopington v. Springfield,* 12 N. H. 328; *Elliott v. Williamson,* 79 Tenn. 38; *Keesling v. Winfield,* 149 Ind. 709, 49 N. E. 163; *In re Ash's Estate,* 202 Pa. St. 422, 51 Atl. 1030, 90 Am. St. 658.

In the last cited case, the court said:

"When the commonwealth comes into its courts, it is subject like all other suitors to the established rules of evidence. It must meet the burden of proof, its evidence must be relevant, material, the best attainable, and must be presented in due order under the regular rules of procedure. In all such respects it stands upon the same footing as ordinary litigants. Statutes of limitation do not apply to it, because the maxim, *nullum tempus occurit regi* though probably in its origin a part of royal prerogative has been adopted in our

jurisprudence as a matter of important public policy. But rules of evidence and legal presumptions are not changed for or against the state as a suitor. A statute of limitation is a legislative bar to the right of action, but the presumption of payment from the lapse of time is not a bar at all but simply a rule of evidence, affecting the burden of proof. *Miller v. Williamsport Overseers*, 17 Pa. Superior Ct. 159. It is of equitable origin, founded on experience of the ordinary course of business and human affairs, and adopted by the law in the interests of repose and the ending of litigation. There is no good reason why it should not apply to the commonwealth just as other legal rules and presumptions do. And so it has been ruled."

We are of the opinion that the inferences and presumptions arising from the undisputed facts in this case lead to the conclusion that appellant has paid the tax which is here sought to be enforced against him; that the decision of Department Two, heretofore rendered, should be overruled and the judgment of the trial court reversed. It is so ordered, and the cause is remanded to the trial court with directions to enjoin the collection of the tax as prayed for by appellant.

CROW, C. J., GOSE, MOUNT, CHADWICK, and FULLERTON, JJ., concur.

MAIN, ELLIS, and MORRIS, JJ. (dissenting)—In our opinion, the evidence in this case shows that the tax in question has not been paid. We therefore dissent, and adhere to the original opinion.