Cuddeback, J.
 

 The plaintiff brings this action upon a judgment recovered by the First 27ational Bank of Staten Island against the defendants for the sum of $4,559.34 on March 16, 1896, and alleged to be unpaid. The judgment was assigned to the plaintiff on March 14, 1911. Alice M. Hastings was the only defendant who appeared, and she set up the defense that the judgment had been paid.
 

 The first question that arises is: Was the plaintiff compelled to prove non-payment of the judgment, or did the burden of proving payment rest upon the defendant ? A judgment is an obligation for the payment of money
 
 (Anglo-American Provision Co.
 
 v.
 
 Davis Provision Co.,
 
 169 N. Y. 506), and, therefore, within the rule laid down by Chief Judge Cullen in
 
 Conklingv. Weatherwax
 
 (181
 
 *197
 
 N. Y. 258, 269), the burden of proof rested upon the defendant to establish payment of the judgment.
 

 We are of the opinion, however, that the defendant sustained the burden of proof imposed upon her. On the trial the plaintiff having established the judgment and the assignment thereof, and the amount due thereon, rested. Then the defendant called as a witness one Theodore H. Spratt, the manager of the Staten Island Bank, who testified as follows:
 

 “
 
 Q. After the entry of judgment on the 16th day of March, 1896, did the bank receive any money on account of that judgment ? A. Yes.
 

 “ Q. How much ? A. Enough to satisfy the judgment with interest for about the one year that, the judgment was there.
 

 “ Q. When was it you say this money was received by the bank ? A. It was March or April, March, I think, of 1897. The bank received cash in one sense. The payment tendered was sewer certificates issued by the Villages of Hew Brighton and Port Richmond, which we cashed, and upon William J. Dowling’s instructions took out the amount of the judgment with interest due us up to that date. Mr. William J. Dowling was the plaintiff in this action. I know him.
 

 “Q. At that time, Mr. Spratt, do you know of any arrangement between the bank and Mr. Dowling as to the judgment upon which the payment was made? A. I don’t recall anything that was said at that time, no.
 

 “Q. To refresh your recollection was anything said about an assignment of that judgment ? A. I don’t remember. That is fifteen or sixteen years ago. I don’t remember the conversation.
 

 “Q. Do you know of any satisfaction of the judgment ever having been executed ? A. Hot a satisfaction of the judgment, no.”
 

 That concluded the evidence. The defendant then moved to dismiss the complaint, and the plaintiff moved
 
 *198
 
 for the direction of a verdict in his favor. The court granted the plaintiff’s motion and directed a verdict against the defendant for $8,947.55. A judgment entered accordingly has been affirmed at the Appellate Division by a divided court.
 

 We think the court below was in error. It was not pretended that the plaintiff was subrogated in equity to the rights of the judgment creditor. Hence it was necessary for him to show that he intended to take an assignment of the judgment at the time he made the payment.
 
 (Harbeck
 
 v.
 
 Vanderbilt,
 
 20 N. Y. 395;
 
 Capwell
 
 v.
 
 Machon,
 
 21 R. I. 520.) No formal assignment was made and the testimony of the witness Spratt tends strongly to prove that no assignment was contemplated. That testimony, taken in connection with the fact that the plaintiff waited nearly fifteen years before attempting to enforce a claim against the defendant, is sufficient proof,
 
 prima facie,
 
 that the judgment had been extinguished. Delay on the part of a creditor in the enforcement of his demands is always evidence to support the plea of payment. (Ma
 
 caulay
 
 v.
 
 Palmer,
 
 125 N. Y. 742.) The assignment obtained by the plaintiff just before the commencement of this action looks like an afterthought.
 

 The matter in dispute was peculiarly within the knowledge of the plaintiff. Why did he not go on the witness stand and explain, the transaction? As was said by Andrews, J., in
 
 Wylde
 
 v.
 
 Northern R. R. Co. of N. J.
 
 (53 N. Y. 156) where one party to an action knowing the truth of a matter in controversy and having the evidence in his possession, omits to speak, every inference warranted by the evidence offered will be indulged in against him. That rule applies with full force in this case.
 

 The judgment appealed from should be reversed and new trial granted, with costs to abide the event.
 

 Willard Bartlett, Oh. J., Werner, Collin, Hogan, Hornblower and Cardozo, JJ., concur.
 

 Judgment reversed, etc.