W. C. WILSON, Appellant, v. F. W. ELSE, Administrator, Appellee.

**TRIAL: Instructions—Stating Issues in Language of Pleading.** Issues may very properly be stated to the jury in the language of definite and concise pleadings. (See Book of Anno., Vol. I, Sec. 11493, Anno. 278 *et seq.*)

**WORK AND LABOR: Family Relation—Presumption.** Services rendered in a family by one member thereof to another member are presumptively gratuitous; but claimant may overthrow the presumption by proof of an express contract to pay for such services, or by proof of such circumstances as will justify a finding that the member rendering the services expected to be paid therefor and that the member receiving the services expected to pay therefor. Instructions reviewed in detail, and held to adequately present the law. (See Book of Anno., Vol. I, Sec. 11957, Anno. 31 *et seq.*; Vol. II, Sec. 11957.)

**TRIAL: Instructions—Estoppel to Question Submission of Issue.** A claimant in probate who accepts advantage of the very liberal rules of pleading recognized in the probate court, and who files a claim which, if established, will justify a recovery on the basis of either an express contract or an implied contract, may not complain that the court submitted to the jury the issue of express contract, especially when the verdict was in his favor.

**WORK AND LABOR: Family Relation—"Family" Defined.** Instructions which define a "family" as a "collection or collective body of persons who live under one roof and under one head or management" are all-sufficient.

**PAYMENT: Pleading—Burden of Proof.** An executor must sustain his plea of payment of a claim filed in probate.

**PAYMENT: Lapse of Time—Effect.** Long lapse of time may, with the other circumstances of the case, justify a finding that a claim has been paid, and the court may substantially so instruct, especially against one who is given a verdict for some amount.

**EXECUTORS  AND  ADMINISTRATORS:** Claims—Examination of
7  **Claimant.** No error can result to a claimant in probate by an in-
struction which simply recites the statutory right of an adminis-
trator to examine a claimant on the subject of payment of the
claim.

**PLEADING:** Amendments—Use for Impeaching Purposes. Pleadings
8  and amendments thereto which reveal changes and enlargements of
the amount sued for may be used for impeaching purposes, and the
court may so instruct.

**TRIAL:** Instructions—Indefinite Exceptions. Principle reaffirmed that
9  general, indefinite, and sweeping exceptions to instructions will be
ignored.

Headnote 1:  24 C. J. pp. 281, 284, 285; 38 Cyc. p. 1610. **Headnote
2:** 24 C. J. pp. 401, 408; 40 Cyc. p. 2815. **Headnote 3:** 4 C. J. p.
1024. **Headnote 4:** 25 C. J. pp. 664, 665. **Headnote 5:** 24 C. J. p.
401 (Anno.) **Headnote 6:** 24 C. J. p. 407; 30 Cyc. p. 1290. **Headnote
7:** 24 C. J. p. 408. **Headnote 8:** 38 Cyc. p. 1756. **Headnote 9:** 3 C.
J. p. 923; 38 Cyc. p. 1798.

Headnote 2:  11 L. R. A. (N. S.) 887; 10 A. L. R. 139; 36 A. L. R.
677; 28 R. C. L. 678. **Headnote 5:** 21 R. C. L. 119. **Headnote 6:** 1
A. L. R. 779; 21 R. C. L. pp. 134, 135. **Headnote 8:** 14 A. L. R. 22;
21 R. C. L. 607. **Headnote 9:** 14 R. C. L. pp. 809, 810.

*Appeal from Mahaska District Court.*—H. F. WAGNER, Judge.

NOVEMBER 15, 1927.

Claim in probate against an administrator of the estate of
decedent. Cause tried to a jury, the trial resulting in a verdict
for the claimant, who appeals.—*Affirmed.*

*Thomas J. Bray,* for appellant.

*C. Ver Ploeg* and *McCoy & McCoy,* for appellee.

DE GRAFF, J.—This is an action in probate, to recover on
a claim against the administrator of the estate of C. C. Mateer,
deceased, for board, lodging, washing, ironing, mending of
clothing, care, and nursing, furnished to the decedent for a
period of nearly twenty years. The defendant-administrator
filed a motion for more specific statement, and especially with
reference to the nature and terms of the agreement on which

the claim is predicated. Claimant filed resistance to said motion, and the motion was overruled.

The reversible error is primarily based on the instructions given to the jury. The case, however, presents fact questions, to wit: whether or not the claimant and the decedent were members of the same family; whether the services claimant rendered the decedent were gratuitous; whether there was an express or implied contract for the payment of the services claimed to have been rendered; whether the decedent had paid for said services, and the value of same. No instructions were requested by the claimant.

Before we pass to the challenged instructions, the salient facts may be briefly stated. Claimant is the son-in-law of the decedent. The latter lived with claimant and his wife, daughter of decedent, from October 1, 1905, to the date of his death, August 4, 1925, except certain intervals of temporary absence. Claimant is a farmer. The wife of claimant performed the major part of the services claimed to have been rendered the decedent. It is contended by claimant that decedent did not pay him any money from 1905 to 1921, but it is admitted by claimant that subsequently decedent did pay claimant the sum of $2,077.25. No demand was ever made by claimant or his wife for payment, nor was any bill ever rendered to the decedent for services rendered. The physical condition of the decedent was reasonably good during the years he lived in claimant's home, sharing full and equal privileges in said home. Decedent was never bedfast until his last sickness, which was of a short duration. Further facts will be stated as seem necessary in the review of the court's instructions.

It is a well settled rule that all the instructions should be read and construed together, for the purpose of determining the correctness of any part of the charge to the jury.

1. Instruction I. This instruction is devoted to the issues of the case and it is said therein, in conformity to Section 11961, Code of 1924, that:

"All claims filed, and not expressly admitted in writing signed by the executor or administrator, with the approbation of the court, shall be considered as denied, without any pleading on behalf of the estate * * *."

The administrator, however, did deny, in answer, each and

every allegation of the claim, and specifically pleaded the relationship of the parties, and that the decedent lived in claimant's home "as a member of his family," and that any services claimed were gratuitous. It is apparent that the court explicitly defined the issues, and limited the consideration of the evidence bearing on the issues. Fact questions were presented, and the statement of the issues made plain for the consideration of the jury. The controversy is plainly stated in the pleadings, and a court is privileged to use the same language in the statement of the issues. *Crawford v. Nolan,* 72 Iowa 673. If the pleadings are involved and prolix, then it is better practice for the trial court to condense the pleadings and make a statement thereof which will remove any doubt or confusion. *German Ins. Co. of Freeport v. Chicago & N. W. R. Co.,* 128 Iowa 386; *Stillman v. Chicago, R. I. & P. R. Co.,* 196 Iowa 612; *Stephens v. Brill,* 159 Iowa 620. The intent and content of Instruction I could not mislead the jury.

1. TRIAL: instructions: stating issues in language of pleading.

2. Instruction II. This instruction attempted a legal definition of the phrase "members of the same family," and stated, in substance, that if, at the time the claimed services were performed, the claimant, and his wife and said decedent were members of the same family, the burden is upon the claimant to show by a preponderance of the evidence that the services rendered were not gratuitous. This instruction is in harmony with the declared legal rule of this state. *Feltes v. Tobin,* 187 Iowa 11. It was for the jury to decide whether the decedent was a member of the claimant's family. *In re Estate of Bishop v. Pearson,* 130 Iowa 250. The administrator pleaded that the services rendered were rendered gratuitously. This was in the nature of a special defense. *Saddler v. Pickard,* 142 Iowa 691. There is no error in the instant instruction.

2. WORK AND LABOR: family relation: presumption.

3. Instruction IV. In this instruction the jury was told that, if the claimant and his wife and the decedent were not members of the same family, and the claimed services, including board and lodging, were furnished with the knowledge and consent of the decedent, then, in that event, there would be an implied contract that the said decedent was to pay the fair and

reasonable value thereof. The principle stated is well recognized. *Snyder v. Nixon,* 188 Iowa 779.

4. Instruction V. Here the jury was instructed that, if it was found that plaintiff and his wife and the decedent were members of the same family, and if they further found from a preponderance of the evidence that there was an express contract or agreement by which the deceased was to pay, and the claimant was to receive pay, for the claimed services, including board and lodging, or if it was determined, from all the facts and circumstances, that the services were rendered with the expectation on the part of plaintiff to receive pay therefor, and with the expectation on the part of the deceased to pay therefor, then, in that event, the plaintiff was entitled to recover the fair and reasonable value of the said services. We find no fault in the language used.

A member of a family, rendering services to another member of the same family, cannot recover therefor ''unless there is an express promise to pay for the services, or unless the showing made negatives the thought that they were gratuitous, or, that is, unless it is shown that they are rendered under such circumstances as makes it manifest that there was both an expectation of receiving remuneration and an intention of paying for the services.'' *Snyder v. Nixon,* supra. See, also, *Scully v. Scully's Exr.,* 28 Iowa 548. In passing, it may be said that the evidence is quite conclusive that the decedent was a member of the claimant's family, within the legal meaning of that term.

5. Instruction VI. The gist of the criticism to this instruction is that the court erred in submitting, as a condition precedent to recovery, either ''that there was an express con-

3. TRIAL: instructions: estoppel to question submission of issue.

tract or agreement between the claimant and the decedent * * * or such facts and circumstances must be shown by a preponderance of the evidence as will authorize the jury to find''· that the services, including board and lodging, were furnished and rendered in the expectation on the part of the claimant of receiving pay therefor, and an expectation on the part of the decedent to pay therefor. The specific complaint is that there was no issue of an express contract in the case. It will be remembered that plaintiff alleged in his petition that, for a period of nearly twenty years, plaintiff furnished a home to decedent,

which included his board, lodging, washing, etc., and that the fair and reasonable value of the said services for said time was in the aggregate sum of $9,480, and that, after credit is given for what has been paid, there remains due and unpaid from the estate of the decedent the sum of $7,480. True, the claimant did not allege whether he was relying upon an express or an implied contract. The defendant attempted, by his motion for a more specific statement, to secure an allegation whether or not there was any agreement between the parties for the claimed services, and to state whether the same was in writing or in parol, "and the terms of said agreement, if there was such an agreement." This motion was resisted, and the plaintiff was not required to file an amendment in conformity to said motion. In effect, the plaintiff did not, and further refused to, state whether he was basing his recovery on an express or an implied contract. Consequently, the claim filed is equally consistent with a recovery either upon an express contract or upon an implied agreement. There were no facts alleged upon which it could be determined whether the service was rendered with or without an express agreement. As said in *Wise v. Outtrim,* 139 Iowa 192:

"But it is hardly correct to say that the claim as originally filed is founded upon an implied contract. The statement is a mere skeleton account, stating no facts from which the court or jury could determine whether the services for which payment is demanded were rendered without any agreement as to the time of payment thereof, or under an express agreement providing for the payment at some future date."

The nature of the evidence upon which the claimant may attempt to support his claim is properly left to be revealed in case of a contest at the time of a trial. See *White v. Almy,* 34 R. I. 29 (82 Atl. 397). It may also be kept in mind that no petition or formal pleading is required in filing a claim in probate. *Harrison v. Harrison,* 124 Iowa 525; *Craig v. Estate of Craig,* 167 Iowa 340. The rule that a pleading must proceed upon a single definite theory, and the trial had and judgment pronounced upon the theory indicated, has little or no application to claims against estates. *Chariton Nat. Bank v. Whicher,* 163 Iowa 571. See, also, *Newell v. Estate of Newell,* 198 Iowa

710; *Dean v. Estate of Atwood* (Iowa), 212 N. W. 371 (not officially reported).

In the instant case, plaintiff went to trial without stating the theory of his cause of action, and left the adverse party and the court in the dark whether he was suing on an express or an implied contract, or both. Under the instructions of the court, the jury found that plaintiff was entitled to recover in a certain amount. Consequently, the plaintiff is now in no position to object as to the manner of the submission of this issue. The plaintiff may not complain of an instruction which gives him a chance for a verdict, in the absence of evidence to justify it. *Ball v. Davenport,* 170 Iowa 33; *Fitzgerald v. Meyer,* 37 Neb. 50 (55 N. W. 296); *Taylor v. Kelly,* 31 Ala. 59 (68 Am. Dec. 150). At any rate, the alleged error was not prejudicial, because there was a verdict for plaintiff. *Worez v. Des Moines City R. Co.,* 175 Iowa 1.

6. Instruction VII. In this instruction the jury was told that ordinarily, where one renders services for another which are known to and accepted by the latter, the law implies the promise on his part to pay therefor; but if the plaintiff and his wife and the decedent were members of the same family, then the presumption arises that such services are gratuitous; but this presumption arises only when the family relation is shown by the evidence, and when it is shown that the services are such as members of the family usually and ordinarily render to each other by reason of said relationship; but that this presumption is not conclusive, and may be rebutted by evidence. The foregoing instruction finds approval in *Snyder v. Nixon,* supra.

7. Instruction VIII. The court in this instruction told the jury that:

"A family is defined to be a collection or collective body of persons who live under one roof and under one head or management."

A term, whether legal or otherwise, is not always subject to exact definition. To define a term is to state its connotation, or to enumerate the attributes which it implies. A definition is such a description of the thing defined, including all essential elements and excluding all non-essential, as to distinguish it from all other

4. WORK AND LABOR: family relation: "family" defined.

things and classes. *Porter v. Mapleton Elec. Light Co.,* 191 Iowa 1031. It may be that a better definition of a "family" could be framed, but we are constrained to hold that the term as defined herein is sufficiently descriptive. This matter has been ruled in *Snyder v. Nixon,* supra.

8. Instruction IX. Payment or settlement was pleaded by the defendant, and in this instruction the jury was told that the onus rested upon the defendant to establish this plea. This

5. PAYMENT: pleading: burden of proof.

was correct. *Sheldon v. Thornburg,* 153 Iowa 622; *Kern v. Kiefer,* 204 Iowa 490; Section 11962, Code of 1924. Again, the challenge cannot avail the plaintiff, since the jury found that the plaintiff was entitled to recover, and it follows that the plea of defendant was found not to be established.

9. Instruction X. This instruction has to do with the presumption of payment arising from lapse of time. Nearly twenty years marks the interim between the first services al-

6. PAYMENT: lapse of time: effect.

leged to have been rendered and the death of the decedent. It is to this entire period that the claim relates, and by reason of the time element, the court instructed the jury that there is no presumption from lapse of time that the claim of claimant has been paid by C. C. Mateer in his lifetime; but that lapse of time less than twenty years may be considered by the jury as an auxiliary to other facts and circumstances on the question of payment; and that lapse of time may, in connection with other facts and circumstances, be sufficient to establish payment. The law does raise the presumption of payment of a claim, irrespective of the statute of limitations, after the lapse of twenty years, which is conclusive, unless rebutted by distinct proof. The instruction given by the court covers this proposition, and further, that the "no-presumption rule" applies to the instant case.

Is the time element, as stated by the court, to be considered as an auxiliary to other facts and circumstances on the question of payment pleaded by the defendant? We answer in the affirmative. See 21 Ruling Case Law 134, Section 153.

It is the quite universal rule that lapse of time may be decisive in connection with other circumstances although those circumstances in themselves would not establish the fact of payment. See *Hutton v. Pederson* (Tex. Civ. App.), 153 S. W.

176; *Macaulay v. Palmer,* 125 N. Y. 742 (26 N. E. 912); *Dowling v. Hastings,* 211 N. Y. 199 (105 N. E. 194); *Jameson v. Rixey,* 94 Va. 342 (26 S. E. 861); *Graves v. Stone,* 76 Wash. 88 (135 Pac. 810). This rule is founded on experience in the ordinary course of business and of human affairs, and finds its legal justification in the interest of repose and the ending of litigation. It is founded upon the rational ground that a person naturally desires to possess and enjoy his own, and that an unexplained neglect to enforce an alleged right for a long period casts suspicion upon the existence of the right itself.

There is testimony in the instant case that the decedent was paying his way during the time in question, and also that he had given to his daughter his pension checks at different times. It was for the jury to say whether full payment of the claim had been made by him. The jury answered in the negative, and permitted the plaintiff to recover the sum of $301.05, in addition to the sum of $2,077.25 that had admittedly been paid.

10. Instruction XI. The claimant also complains of this instruction, which is, in effect, that an administrator may, on the trial, subject the claimant to an examination on the question of payment, but that the estate shall not be precluded or bound thereby. This is statutory. Section 11962, Code of 1924. Upon the trial, the administrator did subject the claimant to an examination on the question of payment. This was permissible and proper.

7. EXECUTORS AND ADMINISTRATORS: claims: examination of claimant.

11. Instruction XVIII. Complaint is made that the court instructed that the original sworn claim of the claimant may be considered "for impeachment purposes only." It appears from the record that plaintiff in the first instance alleged the sum of $5,944 as due and unpaid, and by amendment, the sum of $7,480. Thereafter, upon the conclusion of the evidence, amendment to the claim was filed, to conform to the proof, and prayed recovery in the sum of $7,382. On the trial of this case the claimant testified: "I amended my claim, and raised it from $6,000 to $9,000."

8. PLEADING: amendments: use for impeaching purposes.

There is also a variance in the amount admitted to be paid by decedent as stated in plaintiff's original claim, and the amount of the credit to which the decedent was entitled, as

testified to by plaintiff upon the trial. Claimant also testified that he had never made any claim against the decedent during the last ten years of the life of the decedent, although he had transacted business with the decedent. In brief, there is considerable variation in the claims as filed, and the testimony of the claimant respecting his claims. The law is liberal in permitting amendment to pleadings, and a party may amend his claim by increasing or diminishing it; but it is competent for an adverse party, in cases of this character, to urge that the final claim made against an estate has been greatly enlarged. *Hoyt v. Hoyt,* 137 Iowa 563.

In the light of the instant record, the trial court committed no error in directing the attention of the jury to the pleadings and the evidence, and in stating the import of the matter in the manner recited in the instruction.

12. In conclusion, it may be said that exceptions to certain other instructions are too general, indefinite, and sweeping in character to merit attention, under the rules of this court. For instance, the twentieth error assigned includes many different grounds, but presents no specific question for review. See *Reynolds & Heitsman v. Henry,* 193 Iowa 164; *Riggs v. Hatfield,* 187 Iowa 685; *Wine v. Jones,* 183 Iowa 1166; *In re Estate of Pauly,* 174 Iowa 122.

9. TRIAL: instructions: indefinite exceptions.

We have sufficiently indicated that the alleged errors relied upon for a reversal are not meritorious. We are satisfied that the claimant has had a fair and impartial trial. The instructions given by the learned trial court are exhaustive, and state the controlling legal principles in language easily understood by the layman. The jury has spoken, and we discover no reason for an interference with the verdict returned. The judgment entered is—*Affirmed.*

Stevens, Albert, and Morling, JJ., concur.

Wagner, J., not participating.

Evans, C. J. (specially concurring). The appellant won his case below on every issue except as to the amount of his recovery. He has no grievance, therefore, from any ruling that did not affect the amount of the verdict.